CHARLIE WALKER v. J. D. WILKINS, INC., AND LUMBERMEN'S MUTUAL CASUALTY COMPANY.

(Filed 15 December, 1937.)

1. **Master and Servant § 40e—Injury caused by tornado does not arise out of employment.**

The evidence tended to show that claimant was in the plant of his employer when it was struck by a tornado, that claimant was injured as a result of the partial collapse of the building, and that many persons in the path of the tornado were injured. *Held:* The evidence sustains the finding of the Industrial Commission that the accident resulting in the injury did not arise out of the employment, there being no causal relation between the employment and the accident. N. C. Code, 8081 (i), subsec. (f).

WALKER *v.* WILKINS, INC.

**2. Master and Servant § 55d—**

An award of the Industrial Commission, which is sustained by its findings of fact supported by evidence, is conclusive on appeal to the Superior Court. N. C. Code, 8081 (ppp).

APPEAL by plaintiff from *Armstrong, J.,* at May Term, 1937, of GUILFORD. Affirmed.

This is a proceeding for compensation under the provisions of the North Carolina Workmen's Compensation Act.

The proceeding was first heard by Commissioner Jurney at Greensboro, N. C., on 15 June, 1936.

At this hearing it was admitted for the purposes of the record that the plaintiff, as an employee, and the defendant J. D. Wilkins, Inc., as an employer, were both subject to the provisions of the North Carolina Workmen's Compensation Act, at the date of plaintiff's injury, to wit: 2 April, 1936, and that the defendant Lumbermen's Mutual Casualty Company was at said date the insurance carrier for the defendant employer.

Upon his finding that on 2 April, 1936, the plaintiff suffered an injury by accident which arose out of and in the course of his employment, Commissioner Jurney made an award, requiring the defendants to pay the plaintiff compensation for his injury in accordance with the provisions of the North Carolina Workmen's Compensation Act.

At the request of the defendants, the award of Commissioner Jurney was reviewed by the Full Commission at Raleigh, N. C., on 6 January, 1937.

Upon such review, the Full Commission found that the injury which was suffered by the plaintiff on 2 April, 1936, was not the result of an accident which arose out of and in the course of his employment, and accordingly made an award setting aside and vacating the award of Commissioner Jurney and denying compensation to the plaintiff for his injury.

On plaintiff's appeal from the award of the Full Commission to the judge of the Superior Court of Guilford County, the award of the Full Commission was affirmed. Plaintiff appealed to the Supreme Court, assigning error in the judgment affirming the award of the Full Commission.

*York & Boyd for plaintiff.*
*Henderson & Henderson for defendants.*

CONNOR, J. About 7:12 p.m., on 2 April, 1936, while the plaintiff Charlie Walker was at work at the plant of his employer, the defendant J. D. Wilkins, Inc., which is located on West Lee Street in the city of

Greensboro, N. C., a tornado suddenly and with terrific force struck the plant and partially demolished the building in which the plaintiff was at work. The tornado lasted not to exceed five minutes, and caused damages to many buildings which were located in the vicinity of the building in which the plaintiff was at work. Many persons who were in the path of the tornado were injured. Several died as the result of their injuries. The plaintiff, while he was in the building, suffered an injury.

In support of his contention that his injury is compensable under the provisions of the North Carolina Workmen's Compensation Act, for that said injury was by accident which arose out of and in the course of his employment (chapter 120, Public Laws of North Carolina, 1929, section 2 [f], N. C. Code of 1935, section 8081 [i], subsec. [f]), at the hearing of this proceeding by Commissioner Jurney, the plaintiff offered evidence as follows:

Charlie Walker, the plaintiff, testified as follows:

"My name is Charlie Walker. I live in Greensboro, N. C. I am employed by the defendant J. D. Wilkins, Inc., and have been so employed for eight years. I do ornamental rail work, and at times operate a milling machine.

"I was at work at the Wilkins plant about 7 o'clock p.m., on 2 April, 1936. My brother, J. L. Walker, and my foreman, R. P. Strunks, were also at work at the plant. The tornado struck the building in which we were at work. Part of the roof and the walls of the building fell down. Timbers flew about in the building. Something struck me and knocked me down. I do not know what struck me. It was a part of the building. I fell to the floor in some water from the sprinkler system. I was rescued within a few minutes by my brother and was taken by him to the hospital. My right leg was injured, about an inch and a half above the ankle. I was struck by something that knocked me down.

"The building in which I was at work is located on West Lee Street. The building was constructed of steel and wood and brick. The walls were brick. It was a substantial building, modern and up-to-date."

R. P. Strunks, the foreman of the plaintiff, testified as follows:

"I was employed by J. D. Wilkins, Inc., on 2 April, 1936, as foreman. I had charge of the employees and assigned them to their work in the plant. On 2 April, 1936, we had a rush job. When the tornado struck the building in which we were at work the plaintiff Charlie Walker was at work at a machine in the building. I don't know what happened when the tornado struck the building. Timbers and steel were flying about in the building. When Charlie Walker was struck and injured, he had left the machine at which he was at work, and was running for safety. He did not get out of the building. He did not have time."

J. L. Walker, a brother of the plaintiff, testified as follows:

"I was employed by J. D. Wilkins, Inc., on 2 April, 1936, and was working at its plant on West Lee Street in the city of Greensboro, N. C., at about 7 o'clock p.m. When I saw the tornado coming, I started to shut the double door. I got under the stairway, and was not injured. After he was struck and fell to the floor, I picked up my brother, Charlie Walker, and took him to the hospital. There was a good deal of débris and timbers on the floor near him, and a pile of brick from the chimney. I did not see any timbers on him. Charlie Walker had left the machine at which he had been working before he was injured. He was trying to get to a place of safety when he was struck and injured."

From the evidence offered by the plaintiff at the hearing of this proceeding, the North Carolina Industrial Commission, upon its review of the award made by Commissioner Jurney, found that the injury which was suffered by the plaintiff on 2 April, 1936, was not by accident which arose out of and in the course of his employment, and accordingly set aside and vacated the award of Commissioner Jurney on the facts found by him, and made its award denying compensation.

On his appeal to this Court, the plaintiff contends that there is error in the judgment of the Superior Court affirming the award of the North Carolina Industrial Commission in this proceeding. This contention cannot be sustained.

The award of the North Carolina Industrial Commission is sustained by its findings of fact, which are supported by the evidence set out in the record, and were therefore conclusive on the judge of the Superior Court, chapter 120, Public Laws of North Carolina, 1929, section 60, N. C. Code of 1935, section 8081 (ppp).

In *Ridout v. Rose's Stores, Inc.,* 205 N. C., 423, 171 S. E., 642, it was said by the late *Justice Adams:*

"The Workmen's Compensation Act defines 'injury' and 'personal injury' as injury by accident arising out of and in the course of the employment—the words 'out of' referring to the origin or cause of the accident, and the words 'in the course of' to the time, place, and circumstances under which the accident occurred."

In the instant case, there was no evidence tending to show that the accident which resulted in injury to the plaintiff was incidental to or was caused by any condition pertaining to his employment. All the evidence was to the contrary.

There was no causal relation between the employment and the accident by which the plaintiff was injured. For this reason it cannot be held that the accident arose out of the employment. *Canter v. Board of Education,* 201 N. C., 836, 160 S. E., 925.

The judgment of the Superior Court is
Affirmed.