CHESTER M. MARSH v. BENNETT COLLEGE FOR WOMEN AND ÆTNA LIFE INSURANCE COMPANY.

(Filed 15 December, 1937.)

**1. Master and Servant § 40e—**

Award denying compensation for injuries suffered as result of tornado, upon finding that accident causing injury did not arise out of and in the course of the employment, affirmed on authority of *Walker v. Wilkins, Inc., ante,* 627.

**2. Master and Servant § 55d—**

Findings of fact of the Industrial Commission in proceedings for compensation are conclusive when supported by evidence.

APPEAL by plaintiff from *Armstrong, J.*, at May Term, 1937, of GUILFORD. Affirmed.

This is a proceeding for compensation under the provisions of the North Carolina Workmen's Compensation Act.

The proceeding was first heard by Commissioner Jurney, at Greensboro, N. C., on 15 June, 1936.

At this hearing it was admitted for the purposes of the record that the plaintiff, as an employee, and the defendant Bennett College for Women, as an employer, were both subject to the provisions of the North Carolina Workmen's Compensation Act at the date of plaintiff's injury, to wit: 2 April, 1936, and that the defendant Ætna Life Insurance Company was the insurance carrier of the defendant employer.

Upon his finding that on 2 April, 1936, the plaintiff suffered an injury by accident which arose out of and in the course of his employment, Commissioner Jurney made an award requiring the defendants to pay the plaintiff compensation for his injury in accordance with the provisions of the North Carolina Workmen's Compensation Act.

At the request of the defendants, the award of Commissioner Jurney was reviewed by the Full Commission, at Raleigh, N. C., on 6 January, 1937.

Upon such review, the Full Commission found that the accident which caused the injury suffered by the plaintiff on 2 April, 1936, did not arise out of and in the course of his employment, and accordingly made an award setting aside and vacating the award of Commissioner Jurney, and denying compensation to the plaintiff for his injury.

On plaintiff's appeal from the award of the Full Commission to the judge of the Superior Court of Guilford County, the award of the Full Commission was affirmed. Plaintiff appealed to the Supreme Court, assigning error in the judgment affirming the award of the Full Commission.

*York & Boyd for plaintiff.*
*Sapp & Sapp and Norman Block for defendants.*

CONNOR, J. The facts in this case are substantially the same as those in *Walker v. Wilkins, Inc., ante,* 627.

The question of law presented by this appeal is identical with the question of law presented by the appeal in that case.

There is no error in the judgment of the Superior Court in this case affirming the award of the North Carolina Industrial Commission denying plaintiff compensation, on its finding that his injury was not by accident which arose out of and in the course of his employment.

The judgment is affirmed. See *Walker v. Wilkins, Inc., ante,* 627.

LUDWICK *v.* R. R.

The briefs filed in this Court on the appeal in *Walker v. Wilkins, Inc.,* *supra,* and in this appeal have been carefully considered. The numerous cases from other jurisdictions, cited in these briefs in support of the respective contentions of the appellant and of the appellee in each appeal, in which questions involving the liability of an employer to his employee, under Workmen's Compensation Acts for the injury resulting from a tornado or other similar cause, are discussed and decided, have been carefully examined.

This court, however, has consistently recognized and · applied the statutory provision that findings of fact made by the North Carolina Industrial Commission in a proceeding for compensation under the provisions of the North Carolina Workmen's Compensation Act, are conclusive upon the courts of this State, where such findings are supported by evidence, and has uniformly affirmed judgments of the Superior Courts affirming awards of the Industrial Commission in such cases. See *Wimbish v. Detective Co.,* 202 N. C., 800, 164 S. E., 344. ·The opinion in that case by the late *Justice Brogden* has been frequently cited and uniformly approved. Accordingly, the judgment in this case is
    Affirmed.