JOSEPH F. LOCKEY, EMPLOYEE, v. COHEN, GOLDMAN & COMPANY, EMPLOYER, AND AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, CARRIER.

(Filed 13 April, 1938.)

**1. Master and Servant § 55d—**

Whether an accident arises out of and in the course of the employment is a mixed question of law and fact, and the finding of the Industrial Commission upon this point is conclusive if supported by competent evidence, even though the evidence may also warrant an inference to the contrary.

**2. Master and Servant § 40e—**

An accident arises out of the employment if there is a causal connection between the employment and the accident, and the risk is incidental to the employment and not common to all others in the neighborhood.

**3. Master and Servant § 40a—**

The Workmen's Compensation Act does not contemplate compensation for every injury an employee may receive during the course of his employment, but only those from accident arising out of and in the course of the employment.

**4. Master and Servant §§ 40e, 40f—**

As used in the Workmen's Compensation Act, the phrase "in the course of" refers to time, place and circumstances, and the words "out of" relate to the origin or cause of the accident.

**5. Master and Servant § 40e—Evidence held to support findings that accident did not arise out of the employment.**

The evidence tended to show that plaintiff employee had no regular hours of work, that he went to the employer's plant and performed a job, then went to a cafe, and that as he was getting in his car after leaving the cafe, the night watchman at the plant beckoned to him, and that he started to go to him to aid him, and slipped on a fruit peeling, causing the injury in suit. *Held:* The risk was common to all in the neighborhood and was not incidental to the employment, and the evidence supports

the finding of the Industrial Commission that the accident did not arise out of the employment, and the conclusion of the Superior Court on appeal that the facts found establish plaintiff's right to recover as a matter of law, is error.

APPEAL by defendants from *Harris, J.,* at November Term, 1937, of CRAVEN. Reversed.

This is a claim for compensation under the Workmen's Compensation Act filed by the plaintiff, employee, against Cohen, Goldman & Co., employer, and American Mutual Liability Insurance Company, carrier. The individual Commissioner allowed compensation. On appeal the Full Commission adopted the specific findings of fact by the individual Commissioner, but reversed the finding by the individual Commissioner that "plaintiff's injury resulted from an accident arising out of and in the course of the employment of plaintiff," and denied compensation. On appeal to the Superior Court the judge below entered judgment "that the findings of fact made by Commissioner Wilson and adopted by the Full Commission are adopted by this court, and that thereupon the conclusions of law set forth in the opinion of the Commission filed 10 August, 1937, is set aside, and it is found as a matter of law that the injury to the plaintiff arose out of and in the course of plaintiff's employment." The judgment further provided for compensation, the costs of necessary treatment for said injury, the costs and an attorney's fee for plaintiff's counsel.

The findings of fact by the individual Commissioner, which were adopted by the Full Commission and the court below, are as follows:

"1. That the plaintiff and the defendant employer have accepted the provisions of the compensation law, and that the American Mutual Liability Insurance Company is the insurance carrier.

"2. That the plaintiff sustained an injury by accident arising out of and in the course of his regular employment 19 December, 1936, when he slipped, fell, and fractured his left hip, and that as a result of said injury the plaintiff has been totally disabled since the date of the accident.

"3. That the plaintiff's average weekly wage is $17.00.

"There is some conflict in the evidence in this case as to the activities of the plaintiff immediately preceding his accident, and as to whether he had entered the cafe immediately prior to the accident or whether he had previously gone to the cafe, which was admitted by the plaintiff.

"The Commission feels that it makes no substantial difference. The plaintiff was a faithful employee who worked for the best interest of the employer at hours required by the employer, which were irregular, and even if he had gone to the cafe immediately prior to the accident, he had returned to his vehicle and was in the act of getting in it when

he noticed the beckoning of the night watchman, and it was again in an effort to render service or what he thought was going to be service to his employer that he slipped and fell.

"The doctor testified that in his opinion the plaintiff would be totally disabled to 15 May, 1937, and that there would be no permanent disability. However, the Commission is leaving both of these points open."

The undisputed evidence further shows that the plaintiff had no regular hours, but was subject to call at almost any hour, and that he went to the plant on Sunday afternoon to hang up some canvas so that it might dry in the boiler room; that he finished this job, got in his car, drove through the alley out to the street, parked his car on the left side, went to the cafe, returned to his car, and was in the act of getting in it when the night watchman, who had come to the plant and had tried to get in the front door and could not, due to the door being fastened from the inside, turned and beckoned or spoke to the plaintiff, who is almost deaf. In response to the beckoning of the night watchman the plaintiff started to go to him and in so doing he stepped on a fruit peeling lying on the sidewalk, slipped and fell and fractured his left hip. The night watchman testified that when he went to the door and found it locked "he asked me what was the trouble and I said, 'I don't know, it's fastened on the inside, I reckon; can't get in.' He asked if I wanted him to help and I says 'I don't care.'" It was further in evidence that the plaintiff did not have a key to this door. To the judgment entered, defendants excepted and appealed.

*M. S. Dunn and R. E. Whitehurst for plaintiff, appellee.*
*Sapp & Sapp for defendants, appellants.*

BARNHILL, J. The trial judge concluded that the facts found by the Commission established as a matter of law the right of the plaintiff to recover. In this there was error. Even if it be conceded that the facts found will support the conclusion that the plaintiff's injury resulted from an accident arising out of and in the course of his employment, this is not the only reasonable conclusion that may be drawn therefrom. This being true, and the Commission being the judge of the credibility, weight and sufficiency of the testimony, its conclusion must stand. While it was said in *Singleton v. Laundry Co., ante,* 32, that the Workmen's Compensation Act seemed to treat the conclusion that an injury resulted from an accident arising out of and in the course of employment as a question of law, this Court has consistently held that such conclusion is a mixed question of law and fact. When the Industrial Commission concludes that an injury arose out of and in the course of

the employment of a claimant and such conclusion is supported by competent testimony, neither the Superior Court nor this Court may interfere therewith. *Marsh v. Bennett College,* 212 N. C., 662; *Wimbish v. Detective Co.,* 202 N. C., 800. Likewise, when the Commission finds that the evidence is insufficient to support such conclusion and it finds that the injury relied upon by the plaintiff as a basis for compensation did not arise out of and in the course of the employment of the plaintiff, such conclusion must stand unless under no view of the facts found by the Commission such conclusion is warranted.

When an injury cannot fairly be traced to the employment as a contributing proximate cause, or comes from a hazard to which the workman would have been equally exposed apart from the employment, or from a hazard common to others, it does not arise out of the employment. *Walker v. Wilkins, Inc.,* 212 N. C., 627; *Marsh v. Bennett College,* 212 N. C., 662; *Plemmons v. White's Service, Inc., ante,* 148. The injury must come from a risk which might have been contemplated by a reasonable person as incidental to the service when he entered the employment. It may be said to be incidental to the employment when it is either an ordinary risk directly connected with the employment, or an extraordinary risk which is only indirectly connected with the service owing to the special nature of the employment. The Workmen's Compensation Act does not contemplate an award for every injury an employee may receive during the course of his employment. It provides only for compensation for injuries which result from accident arising out of and in the course of his employment.

While the phrase "in the course of" refers to time, place, and circumstances, the words "out of" relate to the origin or cause of the accident. *Harden v. Furniture Co.,* 199 N. C., 733; *Conrad v. Foundry Co.,* 198 N. C., 723; *Hunt v. State,* 201 N. C., 707; *Ridout v. Rose's Stores, Inc.,* 205 N. C., 423; *Chambers v. Oil Co.,* 199 N. C., 28; *Walker v. Wilkins, supra; Plemmons v. White's Service, Inc., supra; Hildebrand v. Furniture Co.,* 212 N. C., 100. Speaking to the subject in *In re Employers' Liability Assurance Corporation,* 102 N. E., 697, the Supreme Judicial Court of Mass. says: "It (the injury) arises 'out of' the employment when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. Under this test, if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises 'out of' the employment. But it excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes

from a hazard to which the workmen would have been equally exposed apart from the employment. The causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business and not independent of the relation of master and servant. It need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence."

The fruit peeling on the street created a hazard to which the plaintiff was exposed apart from his employment and was one common to the neighborhood and all other persons who should use the street. The hazard created thereby cannot fairly be traced to the employment, and it cannot be said that it was a natural incident of the work or a hazard which would have been contemplated by a reasonable person in accepting employment with the defendant. The hazard did not arise out of the exposure occasioned by the nature of plaintiff's employment. It was neither an ordinary nor an extraordinary risk, directly or indirectly connected with the service of plaintiff. We are of the opinion that the Full Commission properly concluded, upon the facts found and the evidence disclosed by the record, that plaintiff's injury "arose neither out of nor in the course of the plaintiff's employment." The conclusion of the court below that the facts found established plaintiff's right to recover as a matter of law cannot be sustained.

Reversed.