JOSHUA H. LEE, EMPLOYEE, v. S. S. TOLER & SON, EMPLOYER; AND
FIDELITY & CASUALTY COMPANY OF NEW YORK, CARRIER.

(Filed 28 September, 1938.)

APPEAL by plaintiff from *Hamilton, Special Judge,* at June Term,
1938, of EDGECOMBE.  Affirmed.

This was a proceeding under the North Carolina Workmen's Compen-
sation Act.  Plaintiff claimed compensation for injury by accident aris-
ing out of and in the course of his employment by defendant.  The
Industrial Commission found as a fact from all the evidence that plain-
tiff did not suffer an injury by accident arising out of and in the course
of his regular employment resulting in the disability complained of.
Upon appeal the award of the Industrial Commission was affirmed, and
plaintiff appealed to this Court.

*Chas. C. Pierce and J. L. Simmons for plaintiff, appellant.*
*Ruark & Ruark and Leon S. Harris for defendants, appellees.*

PER CURIAM.  There being evidence to support the finding and award
of the Industrial Commission, the judgment is affirmed.  *Lockey v.
Cohen, Goldman & Co.,* 213 N. C., 356; *Valentine v. Grocery Co., post,*
828.

Affirmed.

A. W. PERRY v. D. PENDER GROCERY COMPANY.

(Filed 28 September, 1938.)

APPEAL by defendant from *Parker, J.,* and a jury, at March, 1938,
Term of HALIFAX.  Modified and affirmed.

This is an action brought by plaintiff against defendant for $3,000
damage "to his good name, fame, credit and reputation," as a result of
an alleged defamatory publication.

The issues submitted to the jury and their answers thereto were as
follows:

"1. Did the defendant maliciously speak of and concerning the plain-
tiff, in the presence and hearing of another or others, in substance the
words as alleged in the complaint?  Answer: 'Yes.'

"2. If so, did said words by fair intendment and to the reasonable
apprehension of the listeners, in view of the attendant circumstances,
amount to a charge of larceny, as alleged in the complaint?  Answer:
'Yes.'