MRS. J. C. McNEILL, Widow of J. C. McNEILL, Deceased Employee, v. C. A. RAGLAND CONSTRUCTION COMPANY, Employer, and AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, Carrier.

(Filed 3 January, 1940.)

**Master and Servant §§ 40e, 55d—Finding of Industrial Commission that fatal injury was not caused by accident arising out of and in course of the employment is conclusive when supported by evidence.**

Evidence tending to show that a night watchman employed to watch over one section of a highway under construction came over to a night watchman employed to watch over another section thereof, and engaged in an altercation relating to matters foreign to the employment, and that one of them killed the other as a result thereof, *is held* sufficient to support the finding of the Industrial Commission that the deceased's death was not the result of an accident arising out of and in the course of the employment, and therefore such finding is conclusive on the courts, and judgment of the Superior Court that the facts found established as a matter of law the right of the dependents of the deceased employee to recover, is error.

Appeal by defendants from *Alley, J.,* at July Term, 1939, of Ashe.

*Bowie & Bowie for claimant, appellee.*
*Sapp & Sapp for defendants, appellants.*

McNEILL v. CONSTRUCTION CO.

PER CURIAM.   This is a claim for compensation under the Workmen's Compensation Act filed by the widow of a deceased employee.

The claimant's decedent was a night watchman over a certain section of a highway being constructed by the defendant construction company, and during the night of 2 May, 1939, engaged in an acrimonious colloquy with one Horton Woodie, another night watchman of the defendant company, who at the time had left the section over which he was watching and come to the section over which the decedent was watching, and as a result of the colloquy, which related to matters foreign to the duties of a night watchman, Woodie shot and fatally wounded said decedent.

The hearing Commissioner found that the injury to the employee, J. C. McNeill, resulting in his death, was not caused by an accident arising out of and in the course of his employment and denied compensation. Upon appeal to it the Full Commission affirmed the findings of fact, conclusions of law and the award of the hearing Commissioner denying compensation.   The claimant appealed from the decision of the Full Commission to the Superior Court.

The judge of the Superior Court, after adopting the findings of fact of the Full Commission, made "the following conclusions of law: (1) That J. C. McNeill came to his death by accident arising out of and in the course of his employment," and reversed the award of the Full Commission and adjudged that the claimant recover the statutory compensation and death benefits to be awarded by the Industrial Commission as provided by law.

From the judgment of the Superior Court the defendants appealed to the Supreme Court, assigning error.

The trial judge concluded that the facts found by the Commission established as a matter of law the right of the claimant to recover.   In this there was error.   Even if it be conceded that the facts found would support the conclusion that the claimant's decedent's fatal injury resulted from an accident arising out of and in the course of his employment, this is not the only reasonable conclusion that may be drawn therefrom.   This being true, and the Commission being the judge of the credibility, weight and sufficiency of the testimony, its conclusion must stand.   The finding of the Commission that the fatal injury of the decedent was not caused by an accident arising out of and in the course of his employment, being supported by some evidence, was conclusive upon the Superior Court, Lockey v. Cohen, Goldman & Co., 213 N. C., 356, and his Honor's reversal thereof was without authority, and for that reason the judgment below must be

Reversed.