Proceeding under the North Carolina Workmen's Compensation Act to determine liability of defendants to claimant. *Page 162 
Plaintiff claims that on 3 July, 1937, while working for defendant Bemis Lumber Company, a corporation, his knee was cut and injured by accident arising out of and in the course of his employment as a result of which he suffered disability. Defendants deny liability therefor for that, as they contend, plaintiff, at the time of his injury, was in the employment of the partnership of Hooper and Anderson, independent contractors under a contract with Bemis Lumber Company.
After hearing evidence offered by the respective parties, the hearing Commissioner "finds as a fact from the evidence that plaintiff received an injury by accident arising out of and in the course of his employment for the defendant Bemis Lumber Company, on the 3rd day of July, 1937, . . . that the plaintiff at the time of his injury . . . was an employee of the Bemis Lumber Company and was not, in fact, an employee of Hooper and Anderson, a would-be contractor from Bemis Lumber Company. . . ."
Then after stating that "the defendant offered in evidence a contract which they contend established the relations of an independent contractor between Bemis Lumber Company and Hooper and Anderson the Commissioner finds that this contract does not establish the relations of an independent contractor for the reason . . . that A. B. Anderson, one of the partners in the so-called partnership, was the superintendent for the Bemis Lumber Company, and was at all times hereinafter mentioned a superintendent for the Bemis Lumber Company, including the period of operation under the so-called contract, and was on the pay roll of the Bemis Lumber Company as superintendent; . . . that the other partner, Hooper, was an uneducated man and knew very little about the transacting of business and had been an employee of the Bemis Lumber Company for years prior to the 15th of April, 1936, and there was no community of interest between Hooper and Anderson, Anderson being superintendent and Hooper being a mere employee; . . . that the contract which the defendant contends established the relations between the independent contractor and the Bemis Lumber Company was signed by A. B. Anderson; . . . that his co-partner, Hooper, never saw the contract and never signed the same and didn't know what the contents of the same was; that Hooper and Anderson used the equipment in performing the terms of the would-be contract that was the property of Bemis Lumber Company, . . . that the employees of the so-called independent contractors, including the plaintiff, were paid by checks signed by the officers of the Bemis Lumber Company and that the checks were delivered to the plaintiff in this case and to other employees of the so-called independent contractors at the office of the Bemis Lumber Company. *Page 163 
"Therefore, for the reasons heretofore set forth and for other reasons as set out in the record, Commissioner finds as aforesaid, the plaintiff was an employee, not of Hooper and Anderson, but of the Bemis Lumber Company at the time of the alleged injury. The Commissioner further finds as a fact that the company in carrying on their activities had thirteen of the so-called independent contractors, and it so happened that none of the thirteen carried compensation insurance and that none of the thirteen independent contractors employed more than fourteen employees. Therefore, it appears to the Commissioner that the thirteen would-be independent contractors is an effort on the part of the Bemis Lumber Company to avoid responsibility under the provisions of the Workmen's Compensation Law under these circumstances."
Upon appeal thereto by defendants from award of compensation to claimant, the Full Commission affirmed the findings of fact, conclusions of law and the award of the hearing Commissioner, all of which were affirmed on appeal to Superior Court. From judgment in accordance therewith, defendants appeal to Supreme Court and assign error.
The findings of fact presented upon the record on this appeal are insufficient for proper consideration of determinative questions.
The controversy between the parties raises three factual questions relative to which there should be specific findings of fact, independent of conclusions of law.
(1) Did Bemis Lumber Company enter into the alleged written contract with the partnership of Hooper and Anderson, introduced in evidence?
(2) If so, what are the facts with respect to the relationship of each of the contracting parties and with regard to the performance of the contract?
(3) By whom was plaintiff actually employed, and for whom was he working at the time of his injury?
Upon the findings of fact by the Industrial Commission with reference to the first two questions, when supported by sufficient competent evidence, there will arise the question of law as to whether the contract between Bemis Lumber Company and the partnership of Hooper and Anderson, if made, had the effect of creating the relationship of independent contractors. The legal conclusion thereon, with the facts found in reference to the third question, will present the question of law: Was plaintiff, at the time of his injury, in the employment of the Bemis *Page 164 
Lumber Company within the meaning of the North Carolina Workmen's Compensation Act?
For further procedure and practice reference is here made to the concluding paragraphs in opinion in Farmer v. Lumber Co., ante, 158, which are here reiterated.
Remanded.