MRS. HELEN P. BRYAN, WIDOW, AND ADMINISTRATRIX OF JAMES S. BRYAN, DECEASED, EMPLOYEE, v. T. A. LOVING COMPANY AND ASSOCIATES, EMPLOYER, AND UNITED STATES CASUALTY COMPANY, CARRIER.

(Filed 24 March, 1943.)

**1. Master and Servant §§ 40e, 40f—**

An injury received by an employee, while going to and from his work, is not compensable unless he is being transported by the employer under the contract of employment.

**2. Master and Servant §§ 40e, 40f, 40g—**

The N. C. Workmen's Compensation Act does not contemplate compensation for every injury an employee may receive during the course of his employment, but only those from accidents arising out of, as well as in the course of employment. Where an injury cannot fairly be traced to the employment as a contributing proximate cause, or comes from a hazard to which the workman would have been equally exposed apart from the employment, or from a hazard common to others, it does not arise out of the employment. The causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business and not independent of the relation of master and servant.

**3. Master and Servant §§ 40e, 40f—**

> Where, in a proceeding for compensation under the N. C. Workmen's Compensation Act, the evidence tends to show that plaintiff's intestate, a civilian guard of a construction company, stationed at a main gate of a Marine Base to direct traffic and parking about such gate and on the highway immediately adjoining, was at the time of the accident on his way to his place of employment to report for work and was killed, after alighting from a bus, on the public highway immediately in front of such main gate, as he attempted to cross the highway ahead of an oncoming car, an award was error, as deceased was not on the premises of his employer, and his injury and death did not arise out of and in the course of his employment.

APPEAL by defendants from *Harris, J.,* at November Term, 1942, of CRAVEN. Reversed.

Claim for compensation under the Workmen's Compensation Act.

The defendant employer was the construction contractor at Cherry Point Marine Base. The Government property is enclosed by a fence which is located about 1 foot inside the property line. In part, this fence parallels Highway No. 101. It has a number of entrance gates. Gate No. 2 faces Highway No. 101 and is the entrance to the administration office buildings used by the employees, salesmen and others having business at the offices. A small house, 6 x 6, was just outside the gate for use of the guard during bad weather. Deceased was a civilian (not an official) guard and was stationed at gate No. 2, his hours being from 6 a.m. to 2 p.m. His duties were to prevent parking of cars on the outside of the fence, to direct motorists who desired to stop to the lot on the inside used as a parking lot, to guard against entry of unauthorized persons and to regulate and direct automobile traffic through the gate. In regulating such traffic he, at times, assisted the State patrolman and at rush periods during shifts he would stop traffic on the highway so as to permit those leaving the premises through gate No. 2 to do so more rapidly and conveniently. This was done under the direction of the employer and not by virtue of any police power vested in him. While he wore a "special officer" badge he was not an officer of the law.

On the day of his injury, a few minutes before 6 a.m., he was on his way to his work. He rode to a point in front of gate No. 2 on a bus. The bus stopped on the shoulder of the road opposite the gate. Deceased alighted and as the bus moved off he started across the public road toward gate No. 2 where it was his duty then to relieve the night watchman on guard. Just as he passed from behind the bus there was another car about even with the back of it going in the opposite direction. Deceased "kind of hesitated just a moment like he kind of saw the car. All at once he shot out presuming he could make it." He was struck by

the car and thrown to the side of the road. He died from the injuries received before reaching the hospital.

Deceased was not required to formally "check in" when he reported for work each morning. The gate was locked at night and the night guard remained on the inside. When the deceased arrived the night guard unlocked and opened the gate, gave the key to deceased and left, being relieved by deceased. This was the only form of "check in" and "check out" that was used. At the time of the injury the night watchman was unlocking and opening the gate. He intended, but had not had time, to deliver the key to the deceased.

In addition to the foregoing facts which appear from the evidence and the findings of the hearing Commissioner the hearing Commissioner found the following:

"F. That the defendant employer was a contractor doing construction work on the property owned by the Federal Government; that said defendant employer neither owned the property on which he was doing construction work nor owned the property and right of way of the highway immediately in front of gate No. 2, but that the defendant employer customarily used the property owned by the Federal Government within the limitations required by his construction work as if it were his own premises, and that the defendant employer customarily used that portion of the highway and highway right of way immediately in front of gate No. 2 within reasonable limitations for the proper traffic regulations as if it were his own premises. Therefore, the Commission specifically finds as a fact that for the purposes of the provisions of the Workmen's Compensation Act the plaintiff's deceased was on the premises of the defendant employer at the time he sustained his injury by accident which resulted in his death.

"G. Upon the evidence that more than 90% of the traffic on the highway in front of gate No. 2 was composed of the employees of the defendant employer and other workmen who were erecting the Marine Base, together with the evidence that the plaintiff's deceased was a civilian guard employed as a traffic policeman, the Commission specifically finds as a fact that the deceased employee was subjected to an extraordinary and a greater hazard of being injured or being struck by an automobile than that to which the public generally was subjected or that was common to the neighborhood.

"H. The Commission further specifically finds as a fact that the injury by accident which plaintiff's deceased sustained on April 20th, 1942, and which resulted in his death, arose both out of and in the course of his employment with the defendant employer. The reasons for this Finding of Fact will be fully discussed in the Conclusions of Law hereinafter made."

The hearing Commissioner, after making his conclusions of law on the facts found, awarded compensation and the defendants appealed to the Full Commission. The Full Commission affirmed and the defendants appealed.

When the cause came on for hearing in the court below the award of the Industrial Commission was affirmed and defendants appealed.

*R. E. Whitehurst for plaintiff, appellee.*
*Lawrence A. Stith for defendants, appellants.*

BARNHILL, J. The hearing Commissioner, through a very interesting and persuasive process of reasoning, comes to the conclusion that the deceased was for all practical purposes on the premises of his employer; that his employment involved unusual risks; and that, therefore, the injury arose out of and in the course of the employment. The Full Commission supplements this conclusion by finding that he was in the ambit of his employment and affirms. Thus, it affirmatively appears that the award was not made upon the theory that the deceased had begun his employment for the day or was actually engaged in the performance of any duty of his employment, or was about his master's business at the time of the injury. Instead, it is based upon the theory that he was on the premises of his employer at the time or was in such close proximity to such premises "that he was for all practical effect on the defendant employer's premises," or, at least, he had reached the ambit of his employment. If sustainable at all, the award must be sustained on this theory, for there is no evidence in the record that the deceased, on the occasion of his injury, had undertaken to direct traffic or to perform any other duty of his employment.

On the contrary, the uncontradicted evidence tends to show that he was at the time on his way to his place of employment to report for work. He alighted from the bus that had carried him to a point in front of and across the highway from his gate or station. He continued on foot across the highway immediately behind the bus to relieve the guard then on duty. He saw an oncoming car, hesitated and then attempted to cross the road ahead of the car. He was on the public highway and was hit while he was still on the hard surface.

An injury received by an employee while going to and from his work is not compensable unless he is being transported by the employer under contract of employment. *Dependents of Phifer v. Dairy,* 200 N. C., 65, 156 S. E., 147; *Davis v. Mecklenburg County,* 214 N. C., 469, 199 S. E., 604; *Bray v. Weatherly & Co.,* 203 N. C., 160, 165 S. E., 332; *Smith v. Gastonia,* 216 N. C., 517, 5 S. E. (2d), 540; *Lassiter v. Tel. Co.,* 215 N. C., 227, 1 S. E. (2d), 542; *Rourke's Case,* 129 N. E. (Mass.), 603;

*Padgorski v. Kerwin,* 175 N. W. (Minn.), 694; *Nesbitt v. Twin City Forge & Foundry Co.,* 177 N. W. (Minn.), 131; Schneider, Workmen's Compensation Law (2d), 769, sec. 265. The findings of fact bring this case within the general rule.

Had the deceased been injured while directing traffic under the instructions of his superior it would be immaterial whether he was on or off the premises of his employer. The mere fact, however, that at times the performance of his duties required him to go upon the highway and to assume the extra risk occasioned thereby does not justify or support the conclusion that the public highway was a part of the premises. Nor does the fact that employees of defendant constituted the great majority of those who used the highway as such alter this conclusion. Neither is it important that the operator of the car that struck deceased was also an employee of defendant. At the time he was on his way to get breakfast before reporting for work. Though, generally speaking, he was an employee he was then merely a member of the traveling public using the highway as such.

Even if we accept the finding or conclusion of the Commission that the deceased was on the premises of his employer and within the ambit of his employment the injury and death is not compensable.

Under our statute, ch. 120, Public Laws 1929, as amended, to sustain an award of compensation it must be made to appear that the injury "arose out of" and "in the course of" the employment. These terms have been so often defined by this Court that they now have an established and well recognized meaning. *Plemmons v. White's Service, Inc.,* 213 N. C., 148, 195 S. E., 370, and cases cited; *McGill v. Lumberton,* 215 N. C., 752, 3 S. E. (2d), 324; *Lockey v. Cohen, Goldman & Co.,* 213 N. C., 356, 196 S. E., 342; *Robbins v. Hosiery Mills,* 220 N. C., 246, 17 S. E. (2d), 20. Mere repetition would serve no good purpose.

The Act does not contemplate compensation for every injury an employee may receive during the course of his employment but only those from accidents arising out of, as well as, in the course of employment. Where an injury cannot fairly be traced to the employment as a contributing proximate cause, or comes from a hazard to which the workman would have been equally exposed apart from the employment or from a hazard common to others, it does not arise out of the employment. *Lockey v. Cohen, Goldman & Co., supra; Walker v. Wilkins, Inc.,* 212 N. C., 627, 194 S. E., 89; *Marsh v. Bennett College,* 212 N. C., 662, 194 S. E., 303; *Plemmons v. White's Service, Inc., supra.* The causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business and not independent of the relation of master and servant. *Lockey v. Cohen, Goldman & Co., supra.*

That the employee at the time of the injury is on his employer's premises, that his employment involved unusual hazards, and that he was within the compass of his employment are important facts. Yet, they are not alone sufficient to justify or support the conclusion that the injury arose out of the employment or to support an award. *McNeill v. Construction Co.*, 216 N. C., 744, 6 S. E. (2d), 491; *Plyler v. Country Club*, 214 N. C., 453, 199 S. E., 622; *Plemmons v. White's Service, Inc., supra; Walker v. Wilkins, supra; Marsh v. Bennett College, supra; Bain v. Travora Mfg. Co.*, 203 N. C., 466, 166 S. E., 301.

Conceding *arguendo* that deceased was vested with all the authority of a traffic officer, *Davis v. Mecklenburg County, supra*, and *McKenzie v. Gastonia, ante*, 328, are, in principle, directly in point.

In the *Davis case, supra*, the employee was a rural policeman. He was within his county—the ambit of his employment. He had the right, if occasion arose, to investigate crime, to regulate traffic or to make arrests. He was, however, at the time on his way to report for active duty, and he suffered death from a hazard incident to travel on a public road. Compensation was denied.

In the *McKenzie case*, the employee was a city policeman injured while in the city on his way to report for duty. He likewise had authority to quell a disturbance, to make arrests, or to perform any other duty of his employment. His injury, however, arose out of a hazard common to those who use a public highway and compensation was denied.

The employee's journey had not been completed. He was still on his way to work. He was master of his own movements. The hazard created by traffic on the highway under the circumstances of this case cannot fairly be traced to the employment. It cannot be said that it was, at the time and place and under the circumstances disclosed, a natural incident of the work. It was not created by the employer. It did not arise out of the exposure occasioned by the nature of the employment. It was neither an ordinary nor an extraordinary risk directly or indirectly connected with the services of the employee. On the contrary, any other person undertaking to cross a public highway under the same or similar circumstances would be subjected to the identical hazard encountered by him.

It is conceded that if deceased had been injured 100 yards down the road the injury would not be compensable. That he was instead within 30 or 40 feet of his destination does not alter the purpose of his going or warrant a different conclusion.

We are aware that one witness testified deceased had reported to his post. This witness, however, repeatedly stated thereafter that he was not present but that he received his information from another. Hence, this

evidence is hearsay. Furthermore, it is in conflict with all the competent testimony.

The hearing Commissioner cited and relied on certain cases from other jurisdictions. Decisions of other courts are always helpful. When, however, a case involves the interpretation of a local statute first consideration must be given to the difference, if any, in the wording contained in the statute under consideration.

The Utah Act makes injuries arising out of or in the course of employment compensable. The disjunctive is used and courts of that State interpret "in the course of" to include "a reasonable margin of time and space necessary to be used passing to and from the place where work is to be done." Hence, Utah cases on the question here presented are not authoritative or persuasive.

In *Bountiful Buick Co. v. Giles,* 276 U. S., 154, 72 L. Ed., 507, the Court only decided that the Utah Workmen's Compensation Act does not contravene the Due Process Law Clause of the Fourteenth Amendment.

*Barnett v. Britline Cafeteria Co.,* 143 Sou., 813 (Ala.), was decided by a divided Court and is in direct conflict with the decisions of this Court, which are controlling.

*Freire v. Matson Navigation Co.,* 109 Pac., 1022 (Cal.), is factually distinguishable. There the hazard was created by other employees of the company as such and not as members of society at large.

The facts in *Martin v. Metropolitan Co.,* 189 N. Y. S., 467, are not at all similar. The claimant was using an elevator within the building where she worked which was furnished, in part, for the convenience of employees. She was injured when the operator started the elevator while she was in the act of getting off.

We conclude that the claimant has failed to bring her claim within the provisions of the Workmen's Compensation Statute. The specific facts found are insufficient to sustain the conclusion that the injury resulting in death arose out of and in the course of the employment. Hence, the award must be vacated. To that end the judgment below is

Reversed.