WILLIE GUEST (EMPLOYEE) v. BRENNER IRON & METAL COMPANY (EMPLOYER), AND AETNA CASUALTY & SURETY COMPANY (CARRIER).

(Filed 4 February, 1955.)

**1. Master and Servant § 52—**

It is required that the Industrial Commission find all the crucial and specific facts upon which the right to compensation depends in order that it may be determined on appeal whether adequate basis exists for the ultimate finding as to whether plaintiff was injured by accident arising out of and in the course of his employment, but it is not required that the Commission make a finding as to each detail of the evidence or as to every shade of meaning to be drawn therefrom.

**2. Master and Servant § 55d—**

In reviewing an award of the Industrial Commission, the courts will consider the specific findings of fact of the Industrial Commission, together with every reasonable inference that may be drawn therefrom, in claimant's favor.

**3. Master and Servant § 40c—**

The words "out of" as used in the Workmen's Compensation Act refer to the origin or cause of the accident and import that there must be some

causal relation between the employment and the injury, but not that the injury ought to have been foreseen or expected.

**4. Master and Servant § 40d—**

The words "in the course of" as used in the Workmen's Compensation Act refer to the time, place, and circumstances under which the injury occurs.

**5. Master and Servant § 37—**

While the Workmen's Compensation Act should be liberally construed to the end that its benefits should not be denied by technical, narrow and strict interpretation, the rule of liberal construction cannot be employed to attribute to a provision of the Act a meaning foreign to the plain and unmistakable import of the words employed.

**6. Master and Servant § 40c—**

Whether an injury to an employee received while performing acts for the benefit of third persons arises out of the employment depends upon whether the acts of the employee are for the benefit of the employer to any appreciable extent, or whether the acts are solely for the benefit or purpose of the employee or a third person.

**7. Same—Findings held to support conclusion that aid given third person by employee was in reciprocity for aid requested for employer's benefit.**

The specific findings were to the effect that plaintiff employee was sent to fix flat tires on a car, that in the performance of this work it was necessary for him to seek a pump to inflate the tires, that he went to a filling station and requested free use of its air pump, that before inflation of the tires was completed, the filling station operator asked him to help push a stalled car, and that while he was doing so he was struck by another car, resulting in permanent injury. *Held:* The courtesies and assistance extended by the employee were in reciprocity for the courtesy of free air requested by the employee for the employer's benefit, so that the employee had reasonable ground to apprehend that refusal to render the assistance requested of him might well have resulted in like refusal of the courtesy requested by him, and therefore, the findings support the conclusion that the accident arose out of and in the course of his employment.

WINBORNE and DENNY, JJ., dissent.

APPEAL by defendants from *Patton, Special J.,* 26 April, 1954, Civil Term, GUILFORD, Greensboro Division.

Proceeding under Workmen's Compensation Act (G.S. Ch. 97, Art. I).

The findings of fact, upon which the judgment for plaintiff is based, are as follows:

"1. That the parties are subject to and bound by the provisions of the Workmen's Compensation Act, defendant employer regularly employing five or more employees.

"2. That Aetna Casualty & Surety Company is the compensation carrier and was on the risk at the times complained of.

"3. That on and prior to 26 November 1952 plaintiff was regularly employed by defendant employer at an average weekly wage of $48.50.

"4. That U. S. 421 between Winston-Salem and Greensboro runs generally east and west and an airport is located approximately midway between the two cities; that on 26 November 1952 defendant employer sent its employee Willie Guest from its place of business in Winston-Salem to the airport, accompanied by the driver of one of its trucks, to change two flat tires; that plaintiff and the truck driver bought two new inner tubes as they had been instructed to do, went to the airport in plaintiff's car (which he was authorized to use on this occasion) and fixed the flat tires by removing the old tubes and putting the new tubes in the tires and the tires back on the rims; that it then became necessary to go somewhere to obtain air to put in the tires to inflate them; that they put the tires and rims in plaintiff's car and drove along U. S. 421 in an easterly direction toward Greensboro looking for a filling station and an air hose; that they came to a station known as Pop's & Joe's Place located on the south side of U. S. 421, drove into the place and asked the man in charge for permission to use his air hose to inflate the tires; that such permission was granted and plaintiff and the truck driver began to inflate the tires with air; that before finishing with the first tire a customer who had just bought some gas was unable to start the engine of his car and the filling station operator requested plaintiff to assist in pushing the car off from a standing position so as to get it started and in order to move it on away from the gas pumps; that plaintiff acceded to the request and commenced pushing the car from the driveway onto U. S. 421 headed east toward Greensboro; that it was between 6:30 and 7 p.m., almost dark and raining, and visibility was rather poor; that when the car had reached the hard surface of U. S. 421 and had been pushed about 50 feet, more or less, along the hard surface in an effort to start the motor, a Ford automobile driven by one Herman Thomas Wade approached from the rear, traveling east toward Greensboro and on the same side of the road, and crashed into the rear of the car being pushed so that plaintiff was caught and pinned between the two automobiles and suffered serious injuries hereinafter set out.

"5. That as a result of the accident above plaintiff suffered . . ." (Description of injuries)

"6. That plaintiff had not attained maximum improvement or reached the end of the healing period on the date of the hearing in Greensboro, and his permanent disabilities are not ready to be rated.

"7. That Brenner Iron & Metal Company always instructed its employees to be courteous and nice but had never given any specific instructions about assisting others in distress; that in the way and manner above

set out plaintiff sustained an injury by accident arising out of and in the course of his employment."

The foregoing findings of fact were made by the hearing commissioner, adopted by the full Commission and confirmed by the court. The court overruled *seriatim* defendants' exceptions to the findings of fact, conclusions of law and award of compensation to plaintiff made by the full Commission. Judgment was entered in accordance with the full Commission's award. Defendants objected and excepted to the rulings of the court and to the judgment, appealed and assign error.

Defendants challenge by exceptive assignments of error the finding of fact: "7. . . .; that in the way and manner above set out plaintiff sustained an injury by accident arising out of and in the course of his employment."

*William S. Mitchell for plaintiff, appellee.*
*Smith, Moore, Smith & Pope, Bynum M. Hunter, and Stephen P. Millikin for defendants, appellants.*

BOBBITT, J. The specific findings of fact are supported by competent evidence. Defendants, by brief, assert that they do not "quibble" with the findings of fact set forth in paragraph 4, quoted above.

Specific findings of fact by the Industrial Commission are required. These must cover the crucial questions of fact upon which plaintiff's right to compensation depends. *Singleton v. Laundry Co.,* 213 N.C. 32, 195 S.E. 34; *Gowens v. Alamance County,* 214 N.C. 18, 197 S.E. 538; *Farmer v. Lumber Co.,* 217 N.C. 158, 7 S.E. 2d 376; *Cook v. Lumber Co.,* 217 N.C. 161, 7 S.E. 2d 378. Otherwise, this Court cannot determine whether an adequate basis exists, either in fact or in law, for the ultimate finding as to whether plaintiff was injured by accident arising out of and in the course of his employment. *Thomason v. Cab Co.,* 235 N.C. 602, 70 S.E. 2d 706.

The Commission is not required to make a finding as to each detail of the evidence or as to every inference or shade of meaning to be drawn therefrom. When the specific, crucial findings of fact are made, and the Commission thereupon finds that plaintiff was injured by accident arising out of and in the course of his employment, we consider such specific findings of fact, together with every reasonable inference that may be drawn therefrom, in plaintiff's favor in determining whether there is a factual basis for such ultimate finding.

"The words 'out of' refer to the origin or cause of the accident and the words 'in the course of' to the time, place, and circumstances under which it occurred. . . . There must be some causal relation between the employment and the injury; but if the injury is one which, after the event,

may be seen to have had its origin in the employment, it need not be shown that it is one which ought to have been foreseen or expected." *Adams, J.,* in *Conrad v. Foundry Co.,* 198 N.C. 723, 153 S.E. 266. This excerpt, often quoted, may be regarded as a statement of the basic principles applicable to compensation cases.

The Act "should be liberally construed to the end that the benefits thereof should not be denied upon technical, narrow and strict interpretation," *Johnson v. Hosiery Co.,* 199 N.C. 38, 153 S.E. 591; but "the rule of liberal construction cannot be employed to attribute to a provision of the act a meaning foreign to the plain and unmistakable words in which it is couched," *Henry v. Leather Co.,* 231 N.C. 477, 57 S.E. 2d 760.

"Acts of an employee for the benefit of third persons generally preclude the recovery of compensation for accidental injuries sustained during the performance of such acts, usually on the ground they are not incidental to any service which the employee is obligated to render under his contract of employment, and the injuries therefore cannot be said to arise out of and in the course of the employment. . . . However, where competent proof exists that the employee understood, or had reasonable grounds to believe that the act resulting in injury was incidental to his employment, or such as would prove beneficial to his employer's interests or was encouraged by the employer in the performance of the act or similar acts for the purpose of creating a feeling of good will, or authorized so to do by common practice or custom, compensation may be recovered, since then a causal connection between the employment and the accident may be established." Schneider, 7 Workmen's Compensation Text, sec. 1675.

As stated by Larson: "If the ultimate effect of claimant's helping others is to advance his own employer's work, by removing obstacles to the work or otherwise, it should not matter whether the immediate beneficiary of the helpful activity is a co-employee, an independent contractor, an employee of another employer, or a complete stranger." 1 Larson's Workmen's Compensation Law, sec. 27.21.

Decisions in other jurisdictions cited by these text writers, some tending to support plaintiff's position and others tending to support defendants' position, disclose factual situations somewhat similar yet different in some material feature from the case now before us. Basically, whether plaintiff's claim is compensable turns upon whether the employee acts for the benefit of his employer to any appreciable extent or whether the employee acts solely for his own benefit or purpose or that of a third person.

Mindful of these well settled principles, we must now apply them to facts substantially different from facts in cases heretofore presented to this Court.

At the request of plaintiff and his fellow-employee, the filling station operator gave permission to use his air hose to inflate the tires. They began but did not finish inflating the first tire.

Just then, a customer, whose car was standing at the gas pump, was unable to start his car; and the filling station operator requested plaintiff to assist in pushing the car off from a standing position so as to get it started and in order to move it on away from the gas pumps. Plaintiff complied with this request. The car was pushed from the filling station premises onto the highway. It had been pushed 50 feet, more or less, along the highway, in an effort to start the motor, when plaintiff was struck and injured by another car approaching from the rear.

Plaintiff and his co-employee were not customers. They asked for and received permission to get *free air*. The assistance extended by the filling station operator was for the benefit of their employer. In turn, the filling station operator requested plaintiff's aid in pushing off and starting his customer's car, then blocking access to his gas pumps. Reciprocal courtesies and assistance were requested and extended. To hold that plaintiff acts in the course of his employment when receiving aid for the benefit of his employer but ceases to do so when he renders assistance to the man who is helping him at the very time is a distinction too attenuate for adoption by this Court. It is noteworthy that plaintiff, when he responded to the filling station operator's request for assistance, had not received the assistance needed to enable him to complete his service to his employer. Plaintiff had reasonable grounds to apprehend that his refusal to render the assistance requested of him might well have resulted in like refusal by the filling station operator.

In view of the limitless variety in factual situations, it is difficult to embrace in a single statement a rule applicable to all cases. Here plaintiff's response was reasonable and natural. He had reasonable grounds to believe that what he was doing was incidental to his employment and beneficial to his employer and that, if his employer had been there, he would have instructed plaintiff to render such reciprocal assistance. Under such circumstances, when at the time and place of injury mutual aid is being exchanged between the employee and the filling station operator, the inbound aid being for the employer's benefit, the aid received and the aid given are so closely interwoven that an injury to the employee under such circumstances must be held connected with and incidental to his employment.

If the risk is one to which all others in the neighborhood are subject, as distinguished from a hazard peculiar to the employee's work, injury resulting therefrom is not compensable. *Walker v. Wilkins, Inc.,* 212 N.C. 627, 194 S.E. 89, and *Marsh v. Bennett College,* 212 N.C. 662, 194 S.E. 303, tornado cases; *Plemmons v. White's Service, Inc.,* 213 N.C. 148,

195 S.E. 370, dog bite case; *Lockey v. Cohen, Goldman & Co.*, 213 N.C. 356, 196 S.E. 342, where plaintiff fell when he stepped on fruit peeling on sidewalk; *Bryan v. T. A. Loving Co.*, 222 N.C. 724, 24 S.E. 2d 751, where plaintiff was struck by car while crossing the public road on his way to work. Plaintiff, while pushing the car onto and along the highway, subjected himself to a hazard not common to all others in the neighborhood but peculiar to the task in which he was engaged. Whether plaintiff's injury by accident arose out of and in the course of his employment depends upon principles other than that upon which the cited cases are based.

Many decisions turn on *the extent* to which the employee deviated from the course of his employment. Where the deviation is of such nature as to constitute a total departure from the employment, compensation is denied; but where the deviation is of a minor character, compensation is awarded. *Parrish v. Armour & Co.*, 200 N.C. 654, 158 S.E. 188. Often we face real difficulty when attempting to apply this reasonable but broad rule to the facts of particular cases. While the question of deviation has been considered, our view is that it is not the proper basis for decision here.

In *Sichterman v. Kent Storage Co.*, 217 Mich. 364, 186 N.W. 498, plaintiff, a salesman, traveled by automobile in the course of his work. On one of his trips he observed a peddler, whose wagon had been struck by an automobile, at the side of the road. Plaintiff stopped, got out of his car, went back and asked if he could render any assistance; and then plaintiff was struck and injured by another car. Plaintiff's claim for compensation was denied. After reviewing decisions from other jurisdictions, some favorable and others unfavorable to plaintiff's position, the Supreme Court of Michigan by *Fellows, C. J.*, concluded: "This unfortunate accident occurred when the deceased was performing an act of humanity entirely dissociated from the master's work. It did not arise out of the employment." This decision, cited by defendants, suggests the further question as to whether an injury is compensable when an employee, a motorist, then in course of his employment, renders "a courtesy of the road" to another motorist then in need of aid. Consideration of that question must await an appropriate fact situation; for we are not dealing here with a situation where the employee renders a service because he *would expect* a similar service to be rendered to him if the positions of the parties were reversed, such service being directly for his benefit and indirectly for the benefit of his employer. We have here a situation where plaintiff *was receiving* requested assistance from the filling station operator at the very time and place he was rendering requested assistance to the filling station operator. The facts of this case are distinguishable from cases where the act of the employee, characterized as "chivalric," or

MANLEY v. NEWS CO.

"an errand of mercy," or "the act of a good Samaritan," is wholly unre-
lated to the employment.

The specific facts found, considered in the light most favorable to plain-
tiff, support the factual element in the ultimate finding; and the ultimate
finding, that plaintiff was injured by accident arising out of and in the
course of his employment, will be upheld.

Affirmed.

WINBORNE and DENNY, JJ., dissent.