***********
Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to reconsider the evidence, receive further evidence or to rehear the parties or their representatives, the Full Commission affirms the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing and in the Pre-Trial Agreement as:
 STIPULATIONS
1. The Defendant/Employer and the Plaintiff/Employee are subject to and bound by the provisions of the North Carolina Workers' Compensation Act and were so subject to and bound by the Act on September 22, 2006. *Page 2 
2. An employer-employee relationship existed between the Plaintiff/Employee and the Defendant/Employer on September 22, 2006.
3. The Defendant/Employer is self-insured with Key Risk Management Services, Inc. as the third party administrator.
4. Employee-plaintiff's average weekly wage is $728.98 with a corresponding compensation rate of $486.23.
 *********** EXHIBITS
The following exhibits were admitted into evidence:
 • Stipulated Exhibit 1: Plaintiff's medical records, Industrial Commission Forms and Discovery Responses.
 • Stipulated Exhibit 2: Plaintiff's medical records (revised index).
 • Plaintiff's Exhibit 1: Basketball fundraiser flyer.
 • Plaintiff's Exhibit 2: Plaintiff's picture at the event.
 • Plaintiff's Exhibit 3: Coaching session letter.
 • Defendant's Exhibit 1: Plaintiff's recorded statement.
 *********** ISSUE
The sole issue before the Full Commission as stated in the Pre-Trial Agreement and at hearing is:
 Whether the plaintiff's fall and injury to her left knee at the September 22, 2006 basketball game arose out of and occurred in the course and scope of her employment as a Public Safety Officer and if so, to what benefits is she entitled?
 *********** *Page 3 RULING ON MOTION
Defendant's motion to dismiss plaintiff's appeal on the ground that she did not state grounds for appeal on the Form 44 with particularity is DENIED.
 ***********
Based upon the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, Plaintiff, Nicole Osborne, was a forty-four year old female, employed with Butner Public Safety in Granville County as a Public Safety Officer. She was also employed with A Cab Company as a taxicab driver.
2. Plaintiff attended Louisburg College from 1981 to 1982 on a basketball scholarship. She then transferred to North Carolina Central University (NCCU) where she played basketball from 1982 to 1985. Plaintiff majored in Criminal Justice. Plaintiff attended Basic Law Enforcement Training from 1999 to 2000. She is currently attending Mount Olive College to complete her undergraduate degree.
3. Prior to working at Butner Public Safety, plaintiff was employed with North Carolina Correctional Institute for Women, and Polk Youth Institution as a Correctional Officer. She also worked at NCCU as a Public Safety Officer.
4. As a Public Safety Officer at Butner Public Safety, plaintiff serves both as a police officer and firefighter.
5. On September 22, 2006, the Granville County Sheriff's Department was sponsoring a Basketball Fundraiser at the Central Children's Home Gym in Oxford, North Carolina.
6. The Granville County Sheriff's Department contacted Butner Public Safety concerning participation in this event. The teams consisted of the Butner Public Safety Officers *Page 4 
versus the Granville County Sheriff's Officers. The team members for the Butner Public Safety wore tee shirts that stated "BPS" on the front to identify their team from the Granville County Sheriff's Department. The tee shirts were donated by a local business, Carolina Sunrock.
7. At Butner Public Safety, there was a Granville County Sheriff's Department event flyer, and a participant sign up sheet on the bulletin board. No announcements were made about participating in this event at the staff meetings. In plaintiff's recorded statement dated December 7, 2006, she stated that no memo was sent out advertising the event.
8. Although other officers encouraged her to play in this event, it was not mandatory for Plaintiff to participate. Plaintiff signed up to play in the Granville County Sheriff's Department Basketball Fundraiser the day before the event.
9. On September 22, 2006, plaintiff reported to Butner Public Safety in civilian clothes at 6:00 pm. She did not attend the shift meeting that night. At or about 6:30 pm, Lt. Greg Perry drove his patrol car to the charity event at the Central Children's Home Gym. Plaintiff along with Officer Brian Lemons rode with Lt. Perry to the basketball game. Lt. Perry is plaintiff's immediate supervisor.
10. Lt. Perry did not get permission to use the patrol car. He drove the patrol car because he did not want to put gas in his personal vehicle.
11. Plaintiff testified that she was injured when she went up for a jump shot and came down on the side of her foot, causing her knee to go one way and her body to go the other way.
12. After her injury, the plaintiff was transported to the Granville Medical Center where she was diagnosed with a left knee sprain. She reported that she "fell down and twisted her left knee." She eventually had surgery on her knee and retains a 15% permanent partial disability rating. *Page 5 
13. Plaintiff was not required to participate in the basketball fundraising event as a part of her job duties. Plaintiff specifically stated in her recorded statement that participation was voluntary. Major Anthony Moss, Captain William Pendleton, Lt. Greg Perry, and Officer Brian Lemons also substantiated that participation in this event was voluntary.
14. Defendant-Employer did not take any record of attendance at the event and the participants were not paid for time spent at the event. Plaintiff was scheduled to work, but she asked permission to participate in the event. This was the first time the basketball fundraising event was held so there was no custom of attending.
15. The Full Commission finds that the basketball fundraiser was sponsored by the Granville County Sheriff's Department to benefit the Central Children's Home in Oxford. The defendant did not financially sponsor this event in any way. The defendant also did not pay any entrance fees, work the concession stands, or assist with selling the tickets for the event. Lt. Perry, Officer Lemons, and plaintiff were not compensated for participating in this event. They had to use their "comp. time" to participate.
16. Defendant provided no equipment to the team. The team tee shirts were provided by a local business, Carolina Sunrock. No one from the Defendant made any speeches or announcements at the event.
17. Plaintiff was a Public Safety Officer. Participation in a charity basketball game was not a part of her job duties. Plaintiff testified that she has played basketball all her life and that playing basketball was her hobby.
18. The Full Commission finds that there is no competent evidence in this case that defendant intended to benefit from employees participating in the charity event. Defendant did not request that the players go to the game wearing their uniforms to promote defendant, or to do any *Page 6 
activities whatsoever at the request of defendant. The event was mentioned in the local newspaper, but this alone does not rise to the level of a benefit to defendant. All of the announcements and speeches at the charity event were made by the Granville County Sheriff's Department.
19. The participation of the Butner Safety Officers in this charitable event probably generated some goodwill in the community; however, this goodwill is vague and un-measurable as a benefit to the defendant.
20. The Full Commission finds that based upon the totality of the evidence, the plaintiff has failed to prove by the greater weight of the evidence that her injury arose out of and in the course and scope of her employment with defendant.
 ***********
Based upon the foregoing Stipulations and Findings of Fact the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. Plaintiff has failed to establish that she has sustained a compensable injury arising out of and in the course and scope of her employment. N.C. Gen. Stat. § 97-2(6).
2. An injury is said to arise out of the employment when it is a natural and probable consequence or incident of the employment and "a natural result of one of [its] risks," so that "there is some causal relation between the accident and the performance of some service of the employment." Taylor v. Twin City Club, 260 N.C. 435, 438;132 S.E.2d 865,868 (1963)). See Bryan v. T.A. Loving Co. Assocs., 222 N.C. 724,728, 24 S.E.2d 751, 754 (1943) (noting that when an injury "comes from a hazard to which the [worker] would have been equally exposed apart from the employment or from a hazard common to others, it does not arise out of the employment" and that "[t]he causative danger must be peculiar to the work and not common to the *Page 7 
neighborhood"; that is, "[i]t must be incidental to the character of the business and not independent of the relation of" employer and employee). The type of injury sustained by plaintiff in the instant case could more aptly be characterized as a hazard, which is equally common to the general public outside of employment as a Public Safety Officer.Frost v. Salter Path Fire Rescue, 361 N.C. 181, 639 S.E.2d 429 (2007).
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law the Full Commission enters the following:
 AWARD
1. Under the law, plaintiff's claim must be, and hereby is DENIED.
2. Each side shall bear its own costs.
This the __ day of April 2008.
S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER
 S/___________________ LAURA K. MAVRETIC COMMISSIONER *Page 1