J. C. GORDON v. THOMASVILLE CHAIR COMPANY.

(Filed 24 January, 1934.)

**Master and Servant F b—Evidence held sufficient to support finding that accident arose out of and in course of employment.**

Evidence that claimant was not sure that the mill in which he was employed would be operated on the day in question and that he rode to work with another employee, requesting his son to follow in his car to ride him home in case the mill was not operated, and that upon getting to work and ascertaining that the mill would be operated, he put up his lunch in the room where he worked and went to a platform at the front of the mill to tell his son not to wait for him, and that he there slipped on ice and fell to his injury *is held* sufficient to support the finding of the Industrial Commission that the injury resulted from an accident arising out of and in the course of his employment.

APPEAL by defendant from *Sink, J.,* at 2 November Term, 1933, of DAVIDSON. Affirmed.

This action was brought under the Workmen's Compensation Act.

STATEMENT OF THE CASE.

The plaintiff did not work on Friday and Saturday before the date of his accident on Monday because of a big snow. On Monday morning, 19 December, 1932, he rode to work with a fellow-employee, telling his son to come along behind when the chains had been put on their automobile, so that if the plant did not run he, the plaintiff, could have a ride back home.

The plaintiff reached the plant, inquired if the plant would run that day, and went down to the basement where he worked. He put his lunch up, and started on his way to the outside platform at the front of the plant to tell his son that the plant would run. There were two doors, one within the plant through which he went just as the five-minute to seven whistle blew. He crossed another room and went through a door and stepped to an outside platform at the front of the plant, his feet slipped on ice and he fell and slid some distance and down some steps. He was picked up, partly conscious, and taken back into the mill.

The plaintiff testified it was his purpose to go tell his son not to wait for him, that he was going to work that day. The son however had inquired from other workers and had learned that the mill would run, so did not wait to get the message from his father.

Upon all the evidence in this case, the commissioner makes the following:

## FINDINGS OF FACT.

1. That the parties to this proceeding have accepted the provisions of the North Carolina Workmen's Compensation Act; that the defendant employer is a self-insurer.

2. That the plaintiff sustained an injury by accident arising out of and in the course of his employment on 19 December, 1932; that the plaintiff is still totally disabled.

3. That the average weekly wage was $8.58.

## CONCLUSIONS OF LAW.

The attending physician in this case testified that in his opinion the plaintiff had 40% general partial disability, and used as a basis for his opinion the X-Ray picture which showed slight curvature of the spine, which in his opinion was due to the dislocation of a rib. However, the commissioner takes judicial notice of the fact that the plaintiff is a pronounced hunchback. Therefore, the hearing commissioner is holding in abeyance a decision on the question of permanent disability, and is going to order the plaintiff to report to Dr. O. L. Miller, at Charlotte, for further examination and such treatment as the doctor may direct.

The defendant contended that the plaintiff was going to this platform or the street to smoke, which was purely personal. In either case, he was on the premises ready for work, and is entitled to compensation.

## AWARD.

The commissioner awards the plaintiff compensation at the rate of $7.00 per week for the period of total disability.

The defendant will arrange for the examination of the plaintiff at the hands of Dr. O. L. Miller, and provide the necessary transportation.

The defendant will pay the costs of this hearing, which shall include a witness fee of $10.00 to Dr. W. G. Smith, and mileage at the rate of 8 cents per mile.

The plaintiff's attorney is allowed a fee of $35.00, to be deducted from accrued compensation and paid direct.

T. A. WILSON, *Commissioner.*

An appeal was taken by the defendant self-insurer to the full Commission. The judgment of the full Commission is as follows:

This is an appeal on the part of the defendant, a self-insurer, from an award issued by the Industrial Commission at the request of the trial commissioner, Mr. Wilson. The defendant takes the position that the accident in this case did not arise out of and in the course of the

employment, laying particular stress upon the fact that it did not arise out of the employment. The full Commission believes that the award of the trial commissioner should not be disturbed. We find no error of law in the application of the facts to the law by the trial commissioner in this case. The judgment of the trial commissioner is therefore affirmed in all respects. The appeal is dismissed.

An appeal was taken by the defendant self-insurer to the Superior Court and the judgment is as follows:

This cause coming on to be heard before the undersigned judge, by consent, and being heard, and the court being of the opinion that the award of the full Commission is justified and proper from all the evidence;

Now, therefore, it is ordered, adjudged and decreed that the award of the North Carolina Industrial Commission and the findings of facts be and the same are hereby affirmed and approved.

The defendant self-insurer excepted and assigned as errors:

1. The defendant assigns as error the judgment of his Honor, the judge of Superior Court, for that, the said judgment affirms the holding of the North Carolina Industrial Commission.

2. The defendant assigns as error the failure of his Honor, the judge of the Superior Court, to reverse the award of the North Carolina Industrial Commission and remand this action to the said Industrial Commission, directing them to enter an award denying compensation to the plaintiff.

*Don A. Walser for plaintiff.*
*Spruill & Olive for defendant.*

CLARKSON, J. This is an action brought by plaintiff against the defendant self-insurer under the North Carolina Workmen's Compensation Act. Public Laws of North Carolina, 1929, chap. 120. Plaintiff contends that under section 2(f) of said act, he sustained injury "by accident arising out of and in the course of the employment." N. C. Code of 1931 (Michie), 8081(i) (f). This was denied by defendant. The trial commissioner found "that the plaintiff sustained an injury by accident arising out of and in the course of his employment on 19 December, 1932." On appeal by defendant from the trial commissioner his decision was affirmed by the full Commission. On appeal to the Superior Court, the judgment of the full Commission was sustained, an appeal was then taken to the Supreme Court. We do not think the exceptions and assignments of error made by defendant self-insurer can be sustained. The plaintiff was an employee of the defendant, but was not certain the plant would run on the Monday morning he went to work.

He lived some distance from the plant and rode to work with a fellow-employee. There had been a big snow and he had his son to come with his automobile so that he could ride back home, if the plant would not run that day. He went to his place of work and found that the plant would run that day and put his lunch up. This was about the time the five-minutes to seven whistle blew. He then went to the outside platform at the front of the plant to tell his son that the plant would run and his feet slipped on ice and he fell and was injured. We think the facts of this case come within the decision of *Bellamy v. Mfg. Co.*, 200 N. C., 676. In that case, after citing numerous authorities, at page 679, is the following:

In *N. C. R. R. Co. v. Zachary*, 232 U. S. Rep., at p. 260, we find: "Again, it is said that because deceased had left his engine and was going to his boarding-house, he was engaged upon a personal errand, and not upon the carrier's business. Assuming (what is not clear) that the evidence fairly tended to indicate the boarding-house as his destination, it nevertheless also appears that deceased was shortly to depart upon his run, having just prepared his engine for the purpose, and that he had not gone beyond the limits of the railroad yard when he was struck. There is nothing to indicate that this brief visit to the boarding-house was at all out of the ordinary, or was inconsistent with his duty to his employer. It seems to us, clear that the man was still 'on duty,' and employed in commerce, notwithstanding his temporary absence from the locomotive engine."

The defendant's contention cannot be sustained. We think the plaintiff was "on duty." The case of *Beavers v. Power Co.*, *ante*, 34. "The *Photographer case*" is easily distinguishable. The judgment of the court below is

Affirmed.