DENISE PATTERSON, WIDOW AND GUARDIAN AD LITEM OF RICHARD WAYNE PATTERSON AND THOMAS EUGENE PATTERSON, JR., MINOR CHILDREN; THOMAS E. PATTERSON, DECEASED, EMPLOYEE v. GASTON COUNTY, EMPLOYER; INSURANCE COMPANY OF NORTH AMERICA, CARRIER

No. 8210IC626

(Filed 7 June 1983)

**Master and Servant § 55.4— accident while leaving employment site for lunch —arising out of and in course of employment**

    Where decedent worked as a bulldozer operator at a county landfill, where he caught a ride on a dragpan driven by a co-worker for the purpose of leaving the landfill pit for lunch, and where he fell off the dragpan and was

killed when the machine ran over him, the Industrial Commission properly concluded that decedent's injury did arise out of and in the course of his employment.

APPEAL by defendants from Opinion and Award of the North Carolina Industrial Commission filed 19 April 1982. Heard in the Court of Appeals 21 April 1983.

Thomas Patterson was employed by Gaston County and worked as a bulldozer operator at the county landfills. On 18 September 1980 he caught a ride on a dragpan driven by a co-worker for the purpose of leaving the landfill pit for lunch. Patterson fell off the dragpan and was killed when the machine ran over him. His widow thereafter filed a claim with the North Carolina Industrial Commission. From an award of the Commission, defendants appealed.

*Gray & Stroud, by Charles D. Stroud, III, for plaintiff appellees.*

*Mullen, Holland & Cooper, P.A., by James Mullen, for defendant appellants.*

EAGLES, Judge.

Defendants argue that the Full Commission erred in finding that Thomas E. Patterson sustained an injury by accident arising out of and in the course of his employment that caused his death.

Our review of an award of the Industrial Commission is limited to whether there was any competent evidence before the Commission to support its findings and whether the conclusions reached are legally supported by the findings in the order. *Perry v. Furniture Company*, 296 N.C. 88, 249 S.E. 2d 397 (1978).

The basic issue before us is whether decedent's death was the result of (1) an accident, (2) arising out of and (3) in the course of employment. G.S. 97-2(6). As used under the Workers' Compensation Act an "accident" is "an unlooked for and untoward event which is not expected or designed by the injured employee." *Harding v. Thomas & Howard Co.*, 256 N.C. 427, 428, 124 S.E. 2d 109, 110-11 (1962). There is no dispute concerning the accidental nature of Patterson's fall from the machine.

The phrase "in the course of employment" refers to "the time, place, and circumstances under which an accidental injury occurs. . . ." *Robbins v. Nicholson,* 281 N.C. 234, 238, 188 S.E. 2d 350, 353 (1972). The accident occurred at the employer's work site at approximately 11:56 a.m. as decedent was traveling to a point for his 12:00 lunch break. Although decedent had completed his morning's work as a bulldozer operator, he was part of a three-person team which was required to take the same lunch hour and which had not ended its work at the time of the accident. Patterson's supervisor testified that decedent was still subject to performing requested duties in the landfill until 12:00 noon. We find that the Commission correctly concluded that the accident occurred in the course of Patterson's employment.

An injury is deemed to be "arising out of the employment" when there is a causal connection between the employment and the injury. *Hensley v. Caswell Action Committee,* 296 N.C. 527, 251 S.E. 2d 399 (1979). This type of accident occurs when

> there is apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. . . . But it excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workmen would have been equally exposed apart from the employment. The causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business and not independent of the relation of master and servant. It need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence.

*Harden v. Furniture Co.,* 199 N.C. 733, 735, 155 S.E. 728, 729-30 (1930).

We do not agree with defendants' argument that the causal connection between decedent's employment and injury was broken because he disobeyed his employer's directive not to ride on the dragpan. The evidence reveals that, although the employees, including decedent, had been warned orally not to ride

on the dragpans, the rule was not strictly followed. Employees on occasion did the very act in which Patterson was engaged at the time of the accident, *i.e.*, catch a ride on a dragpan in order to leave the work site.

Although the act of the decedent may be deemed a negligent one, such negligence would not necessarily bar the award of compensation. The facts of this case are very similar to those in *Archie v. Lumber Co.*, 222 N.C. 477, 481, 23 S.E. 2d 834, 836 (1942), where the Court stated that "[we] do not think compensation should be denied his dependents because he made an error of judgment and attempted to use a more hazardous means of transportation, . . . nor because in so doing he violated a rule which was not always observed by the employees." *See also Hensley v. Caswell Action Committee*, 296 N.C. 527, 251 S.E. 2d 399 (1979); *Hartley v. Prison Dept.*, 258 N.C. 287, 128 S.E. 2d 598 (1962). We find no evidence of "thrill seeking which bears no conceivable relation to accomplishing the job for which the employee was hired" or "disobedience of a direct and specific order by a then present superior" which would break the causal connection between the employment and resulting injury. *See, Hoyle v. Isenhour Brick and Tile Co.*, 306 N.C. 248, 259, 293 S.E. 2d 196, 202 (1982). Defendants acknowledge that the activity of riding on a dragpan was not the subject of a rule or regulation adopted by the employer and approved by the Commission which would justify a ten percent reduction in the award of compensation. *See,* G.S. 97-12.

We hold that the Industrial Commission was correct in concluding that the decedent's injury did arise out of and in the course of his employment. The Opinion and Award is

Affirmed.

Judges WELLS and BECTON concur.