CHOATE v. SARA LEE PRODUCTS

[133 N.C. App. 14 (1999)]

━━━━━━━━

WANDA J. CHOATE, EMPLOYEE, PLAINTIFF v. SARA LEE PRODUCTS, EMPLOYER;
SELF/CONSTITUTION STATE SERVICES, CARRIER; DEFENDANTS

No. COA98-397

(Filed 20 April 1999)

**Workers' Compensation— temporarily leaving work station— fall in parking lot—injury arising out of and in course of employment**

Plaintiff employee's injury when she slipped and fell in the employer's parking lot after she temporarily left the production line to check on a co-worker arose out of and in the course of her employment. A finding that plaintiff left her work station without her supervisor's permission in violation of company policy did not prohibit plaintiff from receiving compensation benefits where plaintiff testified that it was routine to leave the work station with the permission of other members of the production team, and she had such permission; the supervisor admitted that she would have allowed plaintiff to leave if she had asked; the plant manager admitted that plaintiff would probably not have been fired for going outside without permission; and plaintiff's statement that the rule was routinely violated was not contradicted.

Judge GREENE dissenting.

Appeal by plaintiff from an Opinion and Award entered 7 February 1997 by the North Carolina Industrial Commission. Heard in the Court of Appeals 5 January 1999.

*Donaldson & Black, P.A., by Jay A. Gervasi, Jr., for plaintiff-appellant.*

*Orbock Bowden Ruark & Dillard, PC, by Barbara E. Ruark, for defendant-appellees.*

HUNTER, Judge.

Wanda J. Choate (plaintiff) appeals from the Opinion and Award of the North Carolina Industrial Commission (Commission) which denied plaintiff's claim for benefits under the North Carolina Workers' Compensation Act (Act). The Commission found as a fact that plaintiff fell in the employer's parking lot on 27 January 1994. The issue on appeal is whether that fall arose out of and during the course of plaintiff's employment.

Evidence before the Commission tended to show that at the time of the incident, plaintiff had worked for defendant for twenty-seven and one-half years as a seamstress. Plaintiff worked with several other workers in a production team, and her pay was based on productivity. On 27 January 1994, plaintiff was informed by a distraught co-worker, Shelly Bright (Bright), who is married to plaintiff's nephew, that plaintiff's nephew had just been in an automobile accident and that Bright was leaving work in order to check on him. Bright left the plant, and plaintiff asked her teammate in front of her in the production line if she (plaintiff) could go outside to see if Bright needed assistance. Plaintiff's teammate replied in the affirmative. Plaintiff informed members of her team and went to Bright in the parking lot. While in the parking lot, plaintiff fell due to icy conditions. As she was falling, plaintiff grabbed Bright's car door with her left hand and fell on her back. After her fall, plaintiff offered to accompany Bright and inquired if there was anything she could do to help Bright in her distressed situation. After being informed that Bright did not need plaintiff to do anything else, plaintiff encouraged Bright to be careful due to her condition and inclement weather. Plaintiff then returned to her work station.

Plaintiff did not immediately report her fall; however, sometime before lunch, she informed her supervisor Carol Bottomly (Bottomly) about the fall and reported that her shoulder was hurting. Bottomly completed an accident report while plaintiff worked at her sewing machine. Plaintiff also reported her injury to the plant nurse at 5:30 p.m. Due to continued pain, plaintiff consulted several physicians, including an orthopedist and a neurologist.

CHOATE v. SARA LEE PRODUCTS

[133 N.C. App. 14 (1999)]

Plaintiff contends that the Commission erred in finding that her injury did not arise out of and in the course of her employment. The Commission made findings of fact, among others, that "[c]ompany policy prohibits personnel in the parking lot except at authorized times unless the employee has the permission of a supervisor" and "[p]laintiff's presence in the parking lot was not related to her employment, but was a direct result of an automobile accident involving her nephew." The Commission made specific conclusions that plaintiff's fall did not arise out of her employment, that her location in the parking lot at the time of her fall was not calculated to further the employer's business either directly or indirectly, and that plaintiff's decision to check on her niece did not bear a reasonable relationship to her employment nor was it related to her job duties. For those reasons, the Commission found that plaintiff's claim is not compensable under the provisions of the Act. We disagree.

The standard of appellate review of an opinion and award of the Commission is limited to a determination of (1) whether the Commission's findings of fact are supported by any competent evidence in the record; and (2) whether the Commission's findings justify its legal conclusions. *Aaron v. New Fortis Homes, Inc.*, 127 N.C. App. 711, 714, 493 S.E.2d 305, 306 (1997). Even if there is conflicting evidence, the Commission's findings of fact are conclusive on appeal if there is any competent evidence to support them. *Weaver v. American National Can Corp.*, 123 N.C. App. 507, 509-10, 473 S.E.2d 10, 12 (1996). "[T]his Court is 'not at liberty to reweigh the evidence and to set aside the findings . . . simply because other . . . conclusions might have been reached.' . . . 'This is so, notwithstanding [that] the evidence upon the entire record might support a contrary finding.' " *Baker v. City of Sanford*, 120 N.C. App. 783, 787, 463 S.E.2d 559, 562 (1995), *disc. review denied*, 342 N.C. 651, 467 S.E.2d 703 (1996).

An injury is compensable under the Act only if the injury (1) is an "accident" and (2) "aris[es] out of and in the course of the employment." *Roberts v. Burlington Industries*, 321 N.C. 350, 354, 364 S.E.2d 417, 420 (1988); N.C. Gen. Stat. § 97-2(6) (1991). When an employee is injured while going to or from his place of work, is upon premises owned or controlled by his employer, and the employee's act involves no unreasonable delay, then the injury is generally deemed to have arisen out of and in the course of the employment. *Bass v. Mecklenburg County*, 258 N.C. 226, 128 S.E.2d 570 (1962). Plaintiff contends that the rule from *Bass* applies in the present case

because her act of entering the parking lot was certainly no more personal and no less related to her work than leaving at the end of the day would have been. Plaintiff went to the parking lot to check on her co-worker and contemplated leaving work if her co-worker needed assistance. Plaintiff did not injure herself while leaving work; therefore the rule enunciated in *Bass*, while persuasive, does not control our decision in the present case.

The words "arising out of the employment" refer to the origin or cause of the accidental injury, and the words "in the course of employment" refer to the time, place, and circumstances under which an accidental injury occurs. *Roberts*, 321 N.C. at 354, 364 S.E.2d at 420. There must be some causal relationship between the injury and the employment before the resulting disability or disablement can be said to "arise out of the employment." *Pittman v. Twin City Laundry*, 61 N.C. App. 468, 472, 300 S.E.2d 899, 902 (1983). An accident arises out of and in the course of the employment when it occurs while the employee is engaged in some activity or duty which he is authorized to undertake and which is calculated to further, directly or indirectly, the employer's business. *Perry v. Bakeries Co.*, 262 N.C. 272, 136 S.E.2d 643 (1964). According to the general rule, "[w]here any *reasonable relationship* to the employment exists, or employment is a contributory cause, the court is justified in upholding the award as 'arising out of employment.' " *Smallwood v. Eason*, 123 N.C. App. 661, 665-66, 474 S.E.2d 411, 414 (1996) (emphasis in original) (citations omitted) (injuries sustained by employees as result of vehicular collision with forklift driven by co-employee on road adjacent to employer's facility arose out of and in the course of employees' employment for workers' compensation purposes). Where the evidence shows that the injury occurred during the hours of employment, at the place of employment, and while the claimant was actually in the performance of the duties of the employment, the injury is in the course of the employment. *Harless v. Flynn*, 1 N.C. App. 448, 162 S.E.2d 47 (1968). In order to be compensable, plaintiff must prove both the "arising out of" requirement and the "in the course of" requirement; however, as stated by former Chief Justice Branch, analysis of those factors sometimes blends:

> [T]he two tests, although distinct, are interrelated and cannot be applied entirely independently. Rather, they are to be applied together to determine the issue of whether an accident is sufficiently work-related to come under the Act. Since the terms of the Act should be liberally construed in favor of compensation, defi-

ciencies in one factor are sometimes allowed to be made up by strength in the other.

*Hoyle v. Isenhour Brick and Tile Co.*, 306 N.C. 248, 252, 293 S.E.2d 196, 199 (1982).

In *Roberts v. Burlington Industries*, 321 N.C. 350, 364 S.E.2d 417, the employee was killed while aiding a motorist on the highway during a business trip. The North Carolina Supreme Court stated that an injury to an employee while he is performing acts for the benefit of third persons does not arise out of the employment unless the acts benefit the employer to an appreciable extent. *Id.* at 355, 364 S.E.2d at 421. The Court stated:

> The record here contains no evidence that anyone other than decedent involved in the events surrounding his accidental death had any connection to Burlington. So far as this record reveals, decedent acted solely for the benefit of a third party. We thus hold that his death did not arise out of the employment.

*Id.* Unlike *Roberts*, the present case involves numerous connections to the employer. The plaintiff fell on the employer's premises after temporarily leaving the production line in order to aid a fellow employee, who also happened to be the wife of plaintiff's nephew. The facts are very similar to those in *Bellamy v. Manufacturing Co.*, 200 N.C. 676, 158 S.E. 246 (1931).

In *Bellamy*, the plaintiff had finished work early but was still "on the clock," when she took a friend to seek employment in the same mill. During that errand, plaintiff was injured in an elevator. The Supreme Court, in affirming the decision of the superior court, stated:

> The mission she went on, while she was "on duty" was in the mill, was a temporary purpose, and not such a departure from the employer's business that we could say from a liberal construction of the act that it was not in the course of the employment. In fact, she went with a friend to get her employment in the mill, and in doing so did not leave the mill. Under the facts and circumstances of the case and the conduct of the plaintiff, what she did was too casual to bar a recovery.

*Bellamy*, 200 N.C. at 680, 158 S.E. at 248. As in *Bellamy*, plaintiff in the present case was on the employer's premises when the accident occurred. Even more convincing, she was temporarily attending to a

co-worker, whereas the plaintiff in *Bellamy* was helping a friend find employment.

In another similar case, the Court found that the worker was entitled to benefits under the Act when he was temporarily absent from his work station. In *Gordon v. Chair Co.*, 205 N.C. 739, 172 S.E. 485 (1934), plaintiff went to work with a co-worker during icy conditions, and asked his son to follow in case his employer was to be closed due to the weather. Plaintiff got to work, learned that his employer was in operation, then went to the outside platform at the front of the plant to tell his son not to wait on him. While on the platform, he slipped and fell on the ice and was injured. The Court found that the facts of the *Gordon* case came within the decision in *Bellamy*, and the plaintiff was granted workers' compensation benefits. *Gordon*, 205 N.C. at 742, 172 S.E. at 487.

The *Gordon* Court cited an early United States Supreme Court case as authority, where that Court held that a worker was "on duty" when he was struck and killed while on a personal errand, but still within the railroad yard of his employer:

> Assuming . . . that the evidence fairly tended to indicate the boarding-house as his destination, it nevertheless also appears that deceased was shortly to depart upon his run, having just prepared his engine for the purpose, and that he had not gone beyond the limits of the railroad yard when he was struck. There is nothing to indicate that this brief visit to the boarding-house was at all out of the ordinary, or was inconsistent with his duty to his employer. *It seems to us, clear that the man was still "on duty," and employed in commerce, notwithstanding his temporary absence from the locomotive engine.*

*Id.* at 742, 172 S.E. at 487 (*quoting N. C. R. R. Co. v. Zachary*, 232 U.S. 248, 260, 58 L. Ed. 591, 596 (1914) (emphasis added)).

In *Guest v. Iron & Metal Co.*, 241 N.C. 448, 85 S.E.2d 596 (1955), an employee was on a business trip when he stopped at a filling station to inflate the tires on his vehicle. The filling station operator gave the employee permission to use his air hose to inflate the tires, but before he could finish, another customer was unable to start his car. The filling station operator requested plaintiff to assist in pushing the car off from a standing position so as to get it started and in order to move it away from the gas pumps. Plaintiff complied with this request, and was struck and injured by another car while pushing the

disabled car on the highway. The Court found that the circumstances of mutual aid being exchanged between the employee and filling station owner were such that "the inbound aid being for the employer's benefit, the aid received and the aid given are so closely interwoven that an injury to the employee under such circumstances must be held connected with and incidental to his employment." *Guest*, 241 N.C. at 453, 85 S.E.2d at 600. While not the basis for upholding the award of benefits in *Guest*, the Court noted that "[w]here the deviation is of such nature as to constitute a total departure from the employment, compensation is denied; but where the deviation is of a minor character, compensation is awarded." *Id.* at 454, 85 S.E.2d at 601 (*citing Parrish v. Armour & Co.*, 200 N.C. 654, 158 S.E. 188 (1931)).

Under *Bellamy, Gordon*, and *Guest*, we find, therefore, that a causal connection existed and plaintiff's accident during a temporary absence from her work station arose out of and during the course of her employment. The Commission erred in its conclusions of law on this issue. Its finding of fact that "[p]laintiff's presence in the parking lot was not related to her employment, but was a direct result of an automobile accident involving her nephew" can be properly regarded as either a conclusion of law, or mixed finding of fact and law, or finding of jurisdictional fact, and is therefore not binding upon us. *Cody v. Snider Lumber Co.*, 96 N.C. App. 293, 385 S.E.2d 515 (1989).

While company policy may not have permitted plaintiff in the present case to leave the production line without her supervisor's permission, our Supreme Court has held that habitual disregard for company policy negates a defense in this regard, stating:

[T]he more recent cases have not viewed minor deviations from the confines of a narrow job description as an absolute bar to the recovery of benefits, even when such acts were contrary to stated rules or to specific instructions of the employer where such acts were reasonably related to the accomplishment of the task for which the employee was hired.

*Hoyle*, 306 N.C. 248, 254, 293 S.E.2d 196, 200. In *Watkins v. City of Wilmington*, 290 N.C. 276, 225 S.E.2d 577 (1976), a fire fighter was injured while working on a co-employee's personal automobile. The Court affirmed a finding of workers' compensation coverage, even though a published rule prohibited repair of personal vehicles on the premises without prior approval of the assistant chief on duty. The

**CHOATE v. SARA LEE PRODUCTS**

[133 N.C. App. 14 (1999)]

Court noted that it was customary for fire fighters to make repairs during lunch, that their superiors were aware of these activities, and these repairs to an appreciable extent benefitted the fire department. *Watkins*, 290 N.C. at 285, 225 S.E.2d at 582.

Likewise, plaintiff in the case *sub judice* testified that it was routine to leave the work station with the permission of other members of the production team. Supervisor Bottomly testified that employees were not supposed to leave the plant without permission, but also admitted that she would have allowed plaintiff to leave if she had asked. The plant manager, Todd Dixon, admitted that plaintiff would "probably not" have been fired for going outside without permission. Plaintiff's statement that the supposed rule was routinely violated was never directly contradicted by the other employees. No evidence was presented that plaintiff, or anyone else, was disciplined for her specific actions. The Commission found that plaintiff left without a supervisor's permission. The Commission evidently considered that purported fact in determining that plaintiff was outside her employment at the time of her fall; however, the Commission made no conclusion of law based on this fact. This finding, therefore, does not prohibit the plaintiff from receiving an award of workers' compensation benefits under the laws of this state. *See Spratt v. Duke Power Co.*, 65 N.C. App. 457, 310 S.E.2d 38 (1983) (employee's disobedience of the prohibition against running was not sufficient to break causal connection between injury and employment when employee slipped and fell en route to canteen to get a pack of chewing gum).

The fact that the defendant did not reprimand plaintiff nor discipline plaintiff for acting on Bright's behalf is further evidence that plaintiff's actions appreciably benefitted the defendant. Plaintiff certainly had reasonable grounds to believe her actions would benefit her employer and create a feeling of good will. Our Supreme Court has stated:

> [W]here competent proof exists that the employee understood, or had reasonable grounds to believe that the act resulting in injury was incidental to his employment, or such as would prove beneficial to his employer's interests or was encouraged by the employer in the performance of the act or similar acts for the purpose of creating a feeling of good will, or authorized so to do by common practice or custom, compensation may be recovered, since then a causal connection between the employment and the accident may be established.

*Watkins,* 290 N.C. at 283, 225 S.E.2d at 582 (*quoting Guest,* 241 N.C. at 452, 85 S.E.2d at 599-600).

For the reasons stated above, we hereby reverse the Opinion and Award filed 7 April 1997 and remand the matter to the Industrial Commission for entry of a revised Opinion and Award in favor of the plaintiff and further determination not inconsistent with this opinion. The order of the Commission is

Reversed and remanded.

Judge JOHN concurs.

Judge GREENE dissents.

Judge GREENE dissenting.

I do not believe plaintiff's injuries arose out of her employment, as mandated by N.C. Gen. Stat. § 97-2(6), and therefore would affirm the decision of the Commission.

The tests developed by our courts to determine whether an employee's injury, sustained while acting for the benefit of a third party, arises out of the employment are whether: (1) the act appreciably benefits the employer, *Roberts v. Burlington Industries,* 321 N.C. 350, 355, 364 S.E.2d 417, 421 (1998); *Guest v. Iron & Metal Co.,* 241 N.C. 448, 453, 85 S.E.2d 596, 600 (1955); (2) the employee has reasonable grounds to believe the act is incidental to the employment, *Guest,* 241 N.C. at 452, 85 S.E.2d at 599; or (3) the employment places the employee at a risk of injury greater than that to which the general public is exposed outside of the employment, *Roberts,* 321 N.C. at 358, 364 S.E.2d at 422-23.

In this case, there is no evidence that plaintiff's injury resulted from an act incident to her employment, or as a consequence of an increased risk of her employment. Accordingly, the dispositive issue is whether plaintiff's act appreciably benefitted her employer.

Even assuming plaintiff's injury was sustained *while acting for the benefit of a third party,* there is no evidence of any benefit to her employer. The injury, even though it occurred on the employer's premises, did not reasonably tend to retain the employer's business or to promote the consummation of new business. *Lewis v. Insurance Co.,* 20 N.C. App. 247, 250-51, 201 S.E.2d 228, 230-31 (1973) (injury

arose out of the employment where an insurance agent was injured while assisting one of his policyholders whose vehicle was stranded on the side of the road). Although the act in this case apparently was prompted by humanitarian concern for a fellow employee, that concern is not sufficient to constitute an appreciable benefit to the employer. *Roberts*, 321 N.C. at 356-57, 364 S.E.2d at 422. Accordingly, plaintiff's injuries did not arise out of her employment and are not compensable.

The *Bellamy*, *Guest*, and *Gordon* cases, relied upon by the majority, are distinguishable and thus do not support the holding that plaintiff's injuries in this case are compensable. Those cases, holding that the employee's injuries did arise out of the employment, reveal some definite benefit to the employer as a result of the actions of the employee.