ALICE Y. McGRADY, Employee, Plaintiff v. OLSTEN CORP., Employer, and HARTFORD SPECIALTY RISK, Carrier, Defendants, Defendant-Appellants

No. COA02-1035

(Filed 5 August 2003)

**Workers' Compensation— course of employment—fall from pear tree**

A workers' compensation plaintiff suffered a compensable injury when she fell from a pear tree while working as a certified nursing assistant providing in-home care. The Industrial Commission's findings were binding on appeal because defendants did not assign error to those findings, and those finding specifically state that plaintiff was required to make meals and snacks,

that she regularly served fruit to her patient as a part of her job, that plaintiff decided to pick a pear for herself and her patient, and that her activities were in the course and scope of her employment. Those findings sufficiently support the conclusion that plaintiff's injury arose out of her employment. Generally, a plaintiff's negligence or foolish activity does not defeat entitlement to workers' compensation.

Appeal by defendants from opinion and award entered 18 April 2002 by the Industrial Commission. Heard in the Court of Appeals 19 May 2003.

*Doran, Shelby, Pethel and Hudson, P.A., by David A. Shelby, for plaintiff-appellee.*

*Morris York Williams Surles & Barringer, L.L.P., by Susan H. Briggs and Keith B. Nichols, for defendant-appellants.*

LEVINSON, Judge.

Defendants (Olsten Corporation and ITT Specialty Risk Services, Inc.) appeal from a divided opinion of the Industrial Commission, awarding plaintiff (Alice McGrady) medical benefits and temporary total disability. We affirm.

The factual background of this appeal is summarized as follows: Plaintiff was fifty years old at the time of the hearing and had an eighth grade education. In 1994, she completed the course required for certification as a certified nursing assistant (CNA), and was employed by defendant as a CNA. As a CNA, plaintiff provided in-home care for patients requiring assistance with daily living. In July, 1999, plaintiff's only client was Ms. Withers, an elderly woman with limited physical abilities. Plaintiff assisted Ms. Withers with bathing, dressing, personal care, housekeeping, and meal preparation. In addition, plaintiff drove Ms. Withers to various places in the community and did her grocery shopping. Ms. Withers enjoyed fresh fruit, which plaintiff obtained for her from the local farmers market or at a grocery store.

Plaintiff's regular hours were from 6:00 a.m. until 3:30 p.m. On 26 July 1999 plaintiff arrived at her usual time and assisted Ms. Withers with breakfast. During breakfast, Ms. Withers asked plaintiff to take her dog "Footsie" out to the yard. Plaintiff testified she "usually took

her out . . . sometimes twice a day." While plaintiff was outside with Footsie, she noticed that Ms. Withers' pear tree had borne a pear. She had previously obtained fruit from Ms. Withers' peach tree without incident and decided to retrieve the pear for her and Ms. Withers to share. Plaintiff began to climb the tree; however, she soon realized that the pear was too high up for her to shake it out of the tree, so she started back down. As plaintiff was climbing back to the ground, she fell. Plaintiff was taken by ambulance to a hospital, where physicians determined that she had broken her back, suffering "50 percent compression fracture" of her spine, and resulting in "quite a bit of damage to the vertebral body." She was initially treated with pain medication and bed rest, until further examination revealed that plaintiff had both an "acute compression fracture" and a "burst fracture" of the spine. Accordingly, plaintiff's treating physician performed surgery on her vertebrae and implanted steel rods in her back. Despite the surgery, plaintiff continued to experience pain, and her physician testified at the hearing that it was unlikely that plaintiff could ever return to work, "even light duty." He also testified that plaintiff's injuries were caused by the fall from Ms. Withers' pear tree.

On 9 September 1999, plaintiff filed a claim for workers' compensation, which was denied by defendants on the basis that her injuries were not causally connected to her employment. A hearing was conducted before Deputy Commissioner Wanda Taylor on 17 April 2000, and on 5 October 2000 the deputy commissioner issued an opinion denying plaintiff's claim for workers' compensation. The opinion concluded that, although plaintiff's accident had proximately caused her injuries, the fall itself "was not an activity which a person so employed might reasonably do in employment such as plaintiff's." Plaintiff appealed to the Full Commission, which conducted a review of the record on 7 January 2002. On 18 April 2002, the Industrial Commission issued an opinion reversing the deputy commissioner and awarding plaintiff medical compensation and temporary total disability. The opinion concluded that plaintiff's attempt to get a pear from Ms. Withers' pear tree either was "within plaintiff's work duties" or was not a serious deviation from her job duties, and thus that plaintiff's injuries were compensable. One commissioner dissented on the basis that "[c]limbing a pear tree was not a contemplated action of plaintiff's employment" and thus that there was "no causal relationship between plaintiff's injuries and . . . her employment as an in-home caregiver." From this opinion and award, defendants appealed.

McGRADY v. OLSTEN CORP.

[159 N.C. App. 643 (2003)]

## Standard of Review

"The standard of appellate review of an opinion and award of the Industrial Commission in a workers' compensation case is whether there is any competent evidence in the record to support the Commission's findings of fact and whether these findings support the Commission's conclusions of law." *Lineback v. Wake County Board of Commissioners*, 126 N.C. App. 678, 680, 486 S.E.2d 252, 254 (1997) (citation omitted). Further, the Industrial Commission's findings of fact "are conclusive on appeal if supported by any competent evidence." *Gallimore v. Marilyn's Shoes*, 292 N.C. 399, 402, 233 S.E.2d 529, 531 (1977). "Thus, on appeal, this Court 'does not have the right to weigh the evidence and decide the issue on the basis of its weight. The court's duty goes no further than to determine whether the record contains any evidence tending to support the finding.' " *Adams v. AVX Corp.*, 349 N.C. 676, 681, 509 S.E.2d 411, 414 (1998) (quoting *Anderson v. Construction Co.*, 265 N.C. 431, 434, 144 S.E.2d 272, 274 (1965)). "Even where there is competent evidence to the contrary, we must defer to the findings of the Commission where supported by any competent evidence. The Commission's findings of fact may only be set aside when 'there is a complete lack of competent evidence to support them.' " *Griggs v. E. Omni Constructors*, 158 N.C. App. 480, 483, 581 S.E.2d 138, 141 (2003) (quoting *Click v. Freight Carriers*, 300 N.C. 164, 166, 265 S.E.2d 389, 390 (1980)). The Commission's conclusions of law, however, are reviewed *de novo*. *Id.*

---

Defendants argue on appeal that the Industrial Commission erred by finding that plaintiff suffered a compensable injury. Under N.C.G.S. § 97-2(6) (2001) a compensable injury "mean[s] only injury by accident arising out of and in the course of the employment[.]" In the present case, there is no dispute that plaintiff's injuries were caused by an accident. However, defendants contend that plaintiff's injury did not arise "out of and in the course of" her employment.

"Whether an injury arises out of and in the course of a claimant's employment is a mixed question of fact and law, and our review is thus limited to whether the findings and conclusions are supported by the evidence." *Creel v. Town of Dover*, 126 N.C. App. 547, 552, 486 S.E.2d 478, 481 (1997) (citing *Hoyle v. Isenhour Brick and Tile Co.*, 306 N.C. 248, 251, 293 S.E.2d 196, 198 (1982)). "The phrase 'arising out of' refers to the requirement that there be some causal connection between the injury and claimant's employment. 'In the course of'

refers to the time and place constraints on the injury; the injury must occur during the period of employment at a place where an employee's duties are calculated to take him[.]" *Creel, id.* (citing *Clark v. Burton Lines*, 272 N.C. 433, 437, 158 S.E.2d 569, 571 (1968)). Thus, "[w]here the evidence shows that the injury occurred during the hours of employment, at the place of employment, and while the claimant was actually in the performance of the duties of the employment, the injury is in the course of the employment." *Choate v. Sara Lee Products*, 133 N.C. App. 14, 17, 514 S.E.2d 529, 532-33 (citing *Harless v. Flynn*, 1 N.C. App. 448, 162 S.E.2d 47 (1968)), *aff'd*, 351 N.C. 46, 519 S.E.2d 523 (1999). "In other words, to be compensable, the injury must spring from the employment or have its origin therein." *Robbins v. Nicholson*, 281 N.C. 234, 239, 188 S.E.2d 350, 354 (1972) (citations omitted). The burden of proof is upon the claimant who "must establish both the 'arising out of' and 'in the course of' requirements to be entitled to compensation." *Culpepper v. Fairfield Sapphire Valley*, 93 N.C. App. 242, 247-48, 377 S.E.2d 777, 780-81, *aff'd*, 325 N.C. 702, 386 S.E.2d 174 (1989) (citing *Roberts v. Burlington Indus., Inc.*, 321 N.C. 350, 354, 364 S.E.2d 417, 420 (1988)). Moreover:

> while the 'arising out of' and 'in the course of' elements are distinct tests, they are interrelated and cannot be applied entirely independently. Both are part of a single test of work-connection. Because 'the *terms of the Act should be liberally construed in favor of compensation, deficiencies in one factor are sometimes allowed to be made up by strength in the other.*' "

*Id.* (citing *Watkins v. City of Wilmington*, 290 N.C. 276, 281, 225 S.E.2d 577, 581 (1976), and quoting *Hoyle v. Isenhour Brick & Tile Co.*, 306 N.C. 248, 252, 293 S.E.2d 196, 199 (1982)) (emphasis added).

In the instant case, the Industrial Commission's findings of fact included, in relevant part, the following:

> 2. In August 1994, plaintiff became employed with defendant-employer as an in-home caregiver[.] . . . As a caregiver, plaintiff had a variety of job duties relating to the care of clients[.] . . . Plaintiff also was required to make meals for clients for breakfast, lunch and dinner as well as snacks, perform household chores such as cleaning and laundering, as well as transporting the client and grocery shopping if requested.

> . . . .

4. While working for defendant-employer plaintiff was assigned as a caregiver in the home of Ms. Nancy Withers.

5. On July 26, 1999, after assisting Ms. Withers out of bed and preparing her breakfast, plaintiff took Ms. Withers' dog outside and, while outside in the yard, plaintiff decided to pick a pear from the pear tree for herself and Ms. Withers. Plaintiff climbed into the tree to retrieve a pear and, as she was coming down, she fell from the tree.

. . . .

7. Plaintiff regularly served fruit to Ms. Withers as a part of her job.

8. As an employee for defendant-employer, plaintiff was to provide services pursuant to . . . [a] plan of care which . . . authorized plaintiff to fix meals for Ms. Withers and to go grocery shopping.

9. . . . Plaintiff's activities in obtaining and preparing food for Ms. Withers [were] in the course and scope of her employment with defendant-employer. . . . The taking of the pear was thereby consistent with plaintiff's duties to acquire and prepare food for Ms. Withers. . . .

Under N.C.G.S. § 97-86 (2001), an appeal from an opinion and award of the Industrial Commission is taken "under the same terms and conditions as govern appeals from the superior court to the Court of Appeals in ordinary civil actions[, and the] procedure for the appeal shall be as provided by the rules of appellate procedure." N.C.R. App. P. 10(a) provides that "the scope of review on appeal is confined to a consideration of those assignments of error set out in the record on appeal." Because defendants do not assign as error any of the Industrial Commission's findings of fact, they are "conclusively established on appeal." *Johnson v. Herbie's Place*, 157 N.C. App. 168, 180, 579 S.E.2d 110, 118 (2003) (citing *Okwara v. Dillard Dep't Stores, Inc.*, 136 N.C. App. 587, 591, 525 S.E.2d 481, 484 (2000)).

We next determine whether the Industrial Commission correctly applied the law to these facts when it reached the following conclusion: "On July 26, 1999, plaintiff sustained a compensable injury by accident arising out of and in the course of her employment with defendant-employer when she fell from a pear tree while picking a pear for the consumption of her employer's patient."

## McGRADY v. OLSTEN CORP.

[159 N.C. App. 643 (2003)]

Defendants argue that plaintiff's injury is not compensable. They contend that, because plaintiff was not authorized to climb a tree in order to obtain a pear for Ms. Withers, plaintiff's injury did not result from "a risk which might have been contemplated by a reasonable person familiar with the whole situation as incidental to the service when he entered the employment." *Bartlett v. Duke University*, 284 N.C. 230, 233, 200 S.E.2d 193, 195 (1973) (denying compensation to claimant who aspirated food while dining out during a business trip). Defendants frame the issue of compensability primarily in terms of whether plaintiff was authorized to obtain a pear by climbing a tree, which defendants term "the critical issue[] in this case[.]"

However, a review of relevant appellate law indicates that a plaintiff's entitlement to workers' compensation generally is not defeated by his negligence, or by evidence that at the time of injury the plaintiff was engaged in a foolish, even forbidden, activity:

> The Workers' Compensation Act is a compromise. . . . Nothing in it supports the notion that it was enacted just for the protection of careful, prudent employees, or that employees that do not stick strictly to their business are beyond its protection. . . . [I]t is not required that the employment be the sole proximate cause of the injury, it being enough that 'any reasonable relationship to the employment exists, or employment is a contributory cause.'

*Bare v. Wayne Poultry Co.*, 70 N.C. App. 88, 92, 318 S.E.2d 534, 538 (1984) (plaintiff suffers compensable injury "participating in horseplay" with deboning knife) (quoting *Allred v. Allred-Gardner, Inc.*, 253 N.C. 554, 557, 117 S.E.2d 476, 479 (1960)), *disc. review denied*, 312 N.C. 796, 325 S.E.2d 484 (1985). *See also, e.g.*, the following cases allowing compensation: *Hoyle v. Isenhour Brick and Tile Co.*, 306 N.C. 248, 259, 293 S.E.2d 196, 202 (1982) (compensation not barred by actions that violate employer's rules unless undertaken in "disobedience of a direct and specific order by a then present superior"); *Watkins v. City of Wilmington*, 290 N.C. 276, 283, 225 S.E.2d 577, 582 (1976) (injury compensable if "competent proof exists that the employee understood, or had reasonable grounds to believe that the act resulting in injury was incidental to his employment") (citation omitted); *Stubblefield v. Construction Co.*, 277 N.C. 444, 445, 177 S.E.2d 882, 183 (1970) (plaintiff suffered fatal accident while idly knocking dust and debris from conveyor rollers, actions which "had no relation to his duties"); *Choate v. Sara Lee Products*, 133 N.C. App. 14, 514 S.E.2d 529, (1999) (plaintiff injured in parking lot after she left production line in violation of company rules); *Spratt v. Duke*

McGRADY v. OLSTEN CORP.

[159 N.C. App. 643 (2003)]

*Power Co.*, 65 N.C. App. 457, 310 S.E.2d 38 (1983) (claimant injured while running to vending machine in violation of company rules); *Patterson v. Gaston Co.*, 62 N.C. App. 544, 547, 303 S.E.2d 182, 184 ("[N]egligence [does] not necessarily bar the award of compensation[.]"), *disc. review denied*, 309 N.C. 822, 310 S.E.2d 351 (1983). As explained by this Court:

> An appellate court is . . . justified in upholding a compensation award if the accident is 'fairly traceable to the employment as a contributing cause' or if 'any reasonable relationship to employment exists.' . . . [C]ompensability of a claim basically turns upon whether or not the employee was acting for the benefit of his employer 'to any appreciable extent' when the accident occurred . . . *in close cases, the benefit of the doubt concerning this issue should be given to the employee* in accordance with the established policy of liberal construction and application of the Workers' Compensation Act.

*McBride v. Peony Corp.*, 84 N.C. App. 221, 226-27, 352 S.E.2d 236, 240 (1987) (emphasis added) (quoting *Kiger v. Service Co.*, 260 N.C. 760, 762, 133 S.E.2d 702, 704 (1963), and *Guest v. Iron & Metal Co.*, 241 N.C. 448, 452, 85 S.E.2d 596, 600 (1955)).

We conclude that the Industrial Commission's findings of fact easily establish that plaintiff's accident arose "in the course of" her employment. We further conclude that these findings of fact sufficiently support its conclusion that plaintiff's injury arose "out of" her employment. We note that the Commission's findings specifically state that plaintiff (1) "was required to make meals . . . as well as snacks"; (2) "regularly served fruit to Ms. Withers as a part of her job"; (3) "took Ms. Withers' dog outside and . . . decided to pick a pear . . . for herself *and Ms. Withers*"; and (4) that plaintiff's "activities in obtaining . . . food for Ms. Withers [were] in the course and scope of her employment with defendant-employer."

Defendants' arguments are not without force. However, bearing in mind that we are bound by the Industrial Commission's findings of fact, we are constrained to conclude that plaintiff suffered a compensable injury. Accordingly, the opinion and award of the Industrial Commission is

Affirmed.

Chief Judge EAGLES and Judge BRYANT concur.