***********
This matter was reviewed by the Full Commission based upon the record of the proceedings before Deputy Commissioner Phillips, along with the briefs and arguments on appeal. The appealing party has not shown good ground to receive further evidence or to amend the prior Opinion and Award. Accordingly, the Full Commission adopts and affirms, with some modification, the Deputy Commissioner's holding and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. At the time of the alleged injury giving rise to the claim, the parties were subject to and bound by the provisions of the North Carolina Worker's Compensation Act.
2. An employee-employer relationship existed between the named Plaintiff-Employee and the named Defendant-Employer at the time of the alleged injury.
3. The carrier liable on the risk is Kemper Insurance Companies.
4. Plaintiff was out of work from 23 July 1999 through 14 November 1999.
5. The plaintiff's pertinent average weekly wage is $667.32.
6. Plaintiff sustained a left hip injury by accident on or about 23 July 1999.
 ***********
Based upon all the evidence adduced from the record, the Full Commission makes the following additional:
 FINDINGS OF FACTS
1. The plaintiff was employed by Heilig Meyers/Value House Furniture as a sales person. Plaintiff's duties included straightening merchandise, vacuuming, and sweeping the showroom floors and assisting customers in both the upstairs and downstairs showroom floors.
2. On 23 July 1999, the plaintiff worked through her lunch hour to assist customers in the employer's store. 23 July 1999 was a Friday when employee's hours of work were from 8:30 a.m. until 6:00 p.m.
3. Plaintiff and the assistant store manager were the only two (2) employees in the store during the lunch hour on 23 July 1999, and both of them borrowed money from employer's cash box to have lunch delivered to the store.
4. At approximately 5:40 p.m. on 23 July 1999, at the direction and authorization of the assistant store manager, plaintiff departed from the store premises to go to a nearby bank automatic teller machine to obtain money to repay the store cash box for borrowed lunch money and to obtain funds for personal use.
5. On her way to the ATM machine, the plaintiff tripped over a wire cable surrounding Defendant-Employer's parking lot and was injured.
6. The plaintiff was taken by ambulance to Nash General Hospital where her left knee and left hip were x-rayed. She was diagnosed with a fractured left hip by Dr. Shepherd F. Rosenblum.
7. On 24 July 1999, plaintiff underwent surgery to repair the left hip fracture. The surgery was performed by Dr. Shepherd F. Rosenblum who also provided post-surgical follow-up care. Dr. Rosenblum is an orthopedic surgeon practicing with Boice-Willis Clinic in Rocky Mount, North Carolina.
8. The plaintiff remained out of work from 24 July 1999 through 14 November 1999. She returned to work on November 15, 1999 with physical limitations and restricted activities as prescribed by Dr. Shepherd F. Rosenblum.
9. Upon plaintiff' return to work on 15 November 1999, plaintiff was provided with special accommodations and assistance from Defendant-Employer to an extent greater than would have been provided to an applicant for the position of sales person in the general market place for uninjured workers. Plaintiff continued to receive special assistance and accommodations from 15 November 1999 until the Defendant-Employer closed Value House Furniture in May, 2001. If plaintiff had applied for work as a new employee at Value House Furniture with the physical limitations and restrictions she had following her injuries, she would not have been hired.
10. Prior to her fall on 23 July 1999, Plaintiff had experienced no symptoms with either her left hip or her left knee.
11. From 24 July 1999 to the present, Plaintiff has received her primary medical care from Dr. Shepherd F. Rosenblum.
12. On 27 April 2000, Plaintiff reported to Dr. Rosenblum increased pain in her left knee, swelling of her left knee and episodes of her left knee giving way.
13. Dr. Rosenblum recommended arthroscopic surgery on Plaintiff's left knee, but she had no means of paying for the recommended surgery.
14. Dr. Rosenblum rendered an expert medical opinion that the left hip fracture suffered by Plaintiff was caused by the fall she described as having occurred on 23 July 1999.
15. The injury to plaintiff's left hip is permanent and would make it difficult for her to perform any work that requires her to sit or stand for extended periods of time during an eight-hour workday and/or to walk and/or drive a motor vehicle.
16. The fracture of the plaintiff's left hip was caused when she tripped and fell over the wire cable surrounding Defendant-Employer's parking lot on 23 July 1999 on her way to a nearby bank automatic teller machine.
17. There is insufficient evidence to determine that plaintiff's left knee injury was caused by the Plaintiff's fall on 23 July 1999.
18. After Defendant-Employer closed its Value House Furniture Store in May, 2001, Plaintiff has applied for but has been unable to find any other employment.
19. Plaintiff's average weekly wage is $673.01.
20. Plaintiff is unable to return to her prior work as a furniture sales person as a result of the left hip fracture injury diagnosed by Dr. Shepherd F. Rosenblum, her primary treating physician from 24 July 1999 until the present.
21. Given the circumstances of this case, the injury of 23 July 1999 occurred within the course and scope of the plaintiff's employment. The store manager and delivery person were out of the store that day delivering furniture, leaving only the plaintiff and the credit manager to wait on customers and handle all store business. Because of her job duties and the fact that only two workers were on duty, the plaintiff had to work through her lunch hour, with lunch being delivered to the store and paid for using cash-register money. Later that afternoon, the plaintiff's supervisor then directed the plaintiff to travel quickly to an ATM machine to withdraw funds in order to reimburse the lunch money so the day's accounts could be balanced in a timely way. Plaintiff was not on a personal errand when injured. Her actions working through her lunch hour and going on a supervisor-directed trip to the ATM provided a direct benefit to defendant-employer.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following
 CONCLUSIONS OF LAW
1. Plaintiff's fall on 23 July 1999 arose out of her employment and occurred during the course and scope of her employment and the injuries she suffered as a result of the accidental fall are compensable under the Workers Compensation Act. Harless v. Flynn,1 N.C. App. 448, 162 S.E.2d 47 (1968); Choate v. Sara LeeProducts, 133 N.C. App. 14 (1999).
2. The injury to the plaintiff's left hip was a direct and proximate result of her fall on July 23, 1999. Plaintiff sustained the left hip injury by accident during the course and scope of her employment. N.C. Gen. Stat. § 97-2(6).
3. Plaintiff was incapable of earning any wages as a result of her left hip injury from the time of her fall on July 23, 1999 to November 15, 1999, when Dr. Rosenblum released her for desk work only with no prolonged standing or sitting, no climbing stairs and no squatting, lifting, carrying or bending. The plaintiff is therefore entitled to temporary total disability benefits for the period of July 24, 1999 through November 14, 1999 at the rate of $448.67 per week. N.C. Gen. Stat. § 97-29.
4. Plaintiff returned to modified work at Value House Furniture on November 15, 1999, work that was not available in the general economy and was not indicative of her ability to earn wages in the general economy. Stamey v. North Carolina Self — InsuranceGuar. Assn., 131 N.C. App. 662, 507 S.E.2d 596 (1998).
5. Plaintiff has been totally disabled from any gainful employment since May, 2001, when the Defendant-Employer closed its place of business. Plaintiff thereafter made a concerted effort to return to work, but was unable to do so because of her compensable injury and has been totally disabled since that time.Knight v. Wal-Mart Store, 149 N.C. App. 1 (2002).
6. Plaintiff is entitled to continuing weekly compensation benefits from June 1, 2001 to the present at the rate of $448.67, and continuing thereafter at the weekly rate of $448.67 until the further orders of the Commission. N.C. Gen. Stat. § 97-29.
7. Plaintiff is entitled to the payment of or reimbursement for all medical expenses incurred or to be incurred by her or any carrier paying said expenses on her behalf for treatment of her left hip. N.C. Gen. Stat. § 97-25.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 AWARD
1. Defendants shall pay temporary total disability benefits to the Plaintiff at the compensation rate of $448.67 per week from July 24, 1999 through November 14, 1999, and from June 1, 2001 and continuing at the same weekly rate. All accrued compensation shall be paid in a lump sum. Defendants shall continue to pay plaintiff at the compensation rate of $448.67 until Plaintiff returns to gainful employment or until further order of the Commission.
2. Defendants shall pay and/or reimburse all medical expenses incurred or to be incurred by the plaintiff for the treatment of her compensable left hip injury.
3. An attorney's fee in the amount of twenty-five (25%) percent of the Award is hereby approved for plaintiff's attorney. Twenty-five (25%) percent of the Award that has accrued shall be deducted and shall be sent directly to plaintiff's attorney. In addition, every fourth check due plaintiff shall be sent directly to plaintiff's attorney.
4. Defendants shall pay the costs of this appeal.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER