* * * * * * * * * * *
This matter was reviewed by the Full Commission based upon the record of the proceedings before Deputy Commissioner Phillips, along with the briefs and arguments on appeal. The appealing party has not shown good ground to receive further evidence or to amend the prior Opinion and Award. Accordingly, the Full Commission adopts and affirms, with some modification, the Deputy Commissioner's holding and enters the following Opinion and Award.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. At the time of the alleged injury giving rise to the claim, the parties were subject to and bound by the provisions of the North Carolina Worker's Compensation Act.
2. An employee-employer relationship existed between the named plaintiff-employee and the named defendant-employer at the time of the alleged injury.
3. The carrier liable on the risk is Kemper Insurance Companies.
4. The plaintiff was out of work from July 23, 1999, through November 14, 1999.
5. The plaintiff sustained a left hip injury by accident on or about July 23, 1999.
 * * * * * * * * * * *
Based upon all the evidence adduced from the record, the Full Commission makes the following additional:
 FINDINGS OF FACTS
1. The plaintiff was employed by Heilig Meyers/Value House Furniture as a sales person. His duties included straightening merchandise, vacuuming, sweeping the showroom floors, and assisting customers in both the upstairs and downstairs showroom floors.
2. On July 23, 1999, the plaintiff worked through her lunch hour to assist customers in the employer's store. That date was a Friday, when the plaintiff's hours of work were from 8:30 a.m. until 6:00 p.m.
3. The plaintiff and the assistant store manager were the only two employees in the store during the lunch hour on July 23, 1999, and both of them borrowed money from the employer's cash box to have lunch delivered to the store.
4. At approximately 5:40 p.m. on July 23, 1999, at the direction and authorization of the assistant store manager, the plaintiff departed from the store premises to go to a nearby bank automatic teller machine to obtain money to repay the store cash box for borrowed lunch money and to obtain funds for personal use.
5. On her way to the ATM machine, the plaintiff tripped over a wire cable surrounding the defendant-employer's parking lot and was injured.
6. The plaintiff was taken by ambulance to Nash General Hospital where her left knee and left hip were x-rayed. She was diagnosed with a fractured left hip by Dr. Shepherd F. Rosenblum.
7. On July 24, 1999, the plaintiff underwent surgery to repair the left hip fracture. The surgery was performed by Dr. Shepherd F. Rosenblum who also provided post-surgical follow-up care. Dr. Rosenblum is an orthopedic surgeon practicing with Boice-Willis Clinic in Rocky Mount, North Carolina.
8. The plaintiff remained out of work from July 24, 1999, through November 14, 1999. She returned to work on November 15, 1999, with physical limitations and restricted activities as prescribed by Dr. Shepherd F. Rosenblum.
9. Upon the plaintiff' return to work on November 15, 1999, the plaintiff was provided with special accommodations and assistance from the defendant-employer to an extent greater than would have been provided to an applicant for the position of sales person in the general market place for uninjured workers. The plaintiff continued to receive special assistance and accommodations from November 15, 1999, until the defendant-employer closed Value House Furniture in May 2001. If the plaintiff had applied for work as a new employee at Value House Furniture with the physical limitations and restrictions she had following her injuries, she would not have been hired.
10. Prior to her fall on July 23, 1999, the plaintiff had experienced no symptoms with either her left hip or her left knee.
11. From July 24, 1999, to the present, the plaintiff has received her primary medical care from Dr. Shepherd F. Rosenblum.
12. On April 27, 2000, the plaintiff reported to Dr. Rosenblum increased pain in her left knee, swelling of her left knee, and episodes of her left knee giving way.
13. Dr. Rosenblum recommended arthroscopic surgery on the plaintiff's left knee, but she had no means of paying for the recommended surgery.
14. Dr. Rosenblum rendered an expert medical opinion that the left hip fracture suffered by the plaintiff was caused by the fall she described as having occurred on July 23, 1999.
15. The injury to the plaintiff's left hip is permanent and would make it difficult for her to perform any work that requires her to sit or stand for extended periods of time during an eight-hour workday and/or to walk and/or drive a motor vehicle.
16. The fracture of the plaintiff's left hip was caused when she tripped and fell over the wire cable surrounding the defendant-employer's parking lot on July 23, 1999, on her way to a nearby bank automatic teller machine.
17. There is insufficient evidence to find that the plaintiff's left knee injury was caused by the plaintiff's fall on July 23, 1999.
18. After the defendant-employer closed its Value House Furniture Store in May, 2001, the plaintiff has applied for, but has been unable to find, any other employment.
19. The parties, through letter by plaintiff's counsel to the Commission, dated August 26, 2005, have agreed that the plaintiff's average weekly wage is $673.01. Based on the agreement of the parties, the Full Commission finds the plaintiff's average weekly wage to be $673.01, which yields a compensation rate of $448.67.
20. The plaintiff is unable to return to her prior work as a furniture sales person as a result of the left hip fracture injury diagnosed by Dr. Shepherd F. Rosenblum, her primary treating physician from July 24, 1999, through the date of hearing before the Deputy Commissioner and continuing.
21. Given the circumstances of this case, the injury of July 23, 1999, occurred within the course and scope of the plaintiff's employment. The store manager and delivery person were out of the store that day delivering furniture, leaving only the plaintiff and the credit manager to wait on customers and handle all store business. Because of her job duties and the fact that only two workers were on duty, the plaintiff had to work through her lunch hour, with lunch being delivered to the store and paid for using cash-register money. Later that afternoon, the plaintiff's supervisor then directed the plaintiff to travel quickly to an ATM machine to withdraw funds in order to reimburse the lunch money so the day's accounts could be balanced in a timely way. The plaintiff was not on a personal errand when injured. Her actions working through her lunch hour and going on a supervisor-directed trip to the ATM provided a direct benefit to the defendant-employer.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following
 CONCLUSIONS OF LAW
1. The plaintiff's fall on July 23, 1999, arose out of her employment and occurred during the course and scope of her employment, and the injuries she suffered as a result of the accidental fall are compensable under the Workers Compensation Act. Harless v. Flynn, 1 N.C. App. 448, 162 S.E. 2d 47 (1968);Choate v. Sara Lee Products, 133 N.C. App. 14 (1999).
2. The injury to the plaintiff's left hip was a direct and proximate result of her fall on July 23, 1999. The plaintiff sustained the left hip injury by accident during the course and scope of her employment. N.C. Gen. Stat. § 97-2(6).
3. The plaintiff was incapable of earning any wages as a result of her left hip injury from the time of her fall on July 23, 1999, to November 15, 1999, when Dr. Rosenblum released her for desk work only with no prolonged standing or sitting, no climbing stairs and no squatting, lifting, carrying or bending. The plaintiff is therefore entitled to temporary total disability benefits for the period of July 24, 1999, through November 14, 1999, at the rate of $448.67 per week. N.C. Gen. Stat. § 97-29.
4. The plaintiff returned to modified work at Value House Furniture on November 15, 1999. This work was not available in the general economy and was not indicative of her ability to earn wages in the general economy. Stamey v. North CarolinaSelf-Insurance Guar. Assn., 131 N.C. App. 662, 507 S.E. 2d 596
(1998).
5. The plaintiff has been totally disabled from any gainful employment since May, 2001, when the defendant-employer closed its place of business. The plaintiff thereafter made a concerted effort to return to work, but was unable to do so because of her compensable injury and has been totally disabled since that time.Knight v. Wal-Mart Store, 149 N.C. App. 1 (2002).
6. The plaintiff is entitled to continuing weekly compensation benefits from June 1, 2001, to the present at the rate of $448.67, and continuing thereafter at the weekly rate of $448.67 until the further order of the Commission. N.C. Gen. Stat. §97-29.
7. The plaintiff is entitled to the payment of, or reimbursement for, all medical expenses incurred or to be incurred by her or any carrier paying said expenses on her behalf for treatment of her left hip. N.C. Gen. Stat. § 97-25.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 AWARD
1. Defendants shall pay temporary total disability benefits to the plaintiff at the compensation rate of $448.67 per week from July 24, 1999, through November 14, 1999, and from June 1, 2001, and continuing at the same weekly rate. All accrued compensation shall be paid in a lump sum. The defendants shall continue to pay the plaintiff at the compensation rate of $448.67 until the plaintiff returns to gainful employment or until further order of the Commission.
2. The defendants shall pay and/or reimburse all medical expenses incurred or to be incurred by the plaintiff for the treatment of her compensable left hip injury.
3. An attorney's fee in the amount of twenty-five percent (25%) of the Award is hereby approved for the plaintiff's counsel. Twenty-five percent (25%) of the Award due the plaintiff that has accrued shall be deducted and shall be sent directly to the plaintiff's counsel. Thereafter, every fourth check due the plaintiff shall be sent directly to the plaintiff's counsel.
4. The defendants shall pay the costs of this appeal.
This 10th day of November 2005.
 S/_________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/_________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/_________________ DIANNE C. SELLERS COMMISSIONER